IN RE: ANNEXATION ORDINANCE ADOPTED BY THE CITY OF NEW BERN, NORTH CAROLINA, DECEMBER 19, 1969

No. 51

(Filed 12 May 1971)

1. Municipal Corporations § 2— annexation proceedings — scope of superior court review

The superior court's review of annexation proceedings is limited to these inquiries: (1) did the municipality comply with the statutory procedures; (2) if not, will petitioner suffer material injury by reason of the municipality's failure to comply; (3) does the character of the area specified for annexation meet the requirements of G.S. 160-453.16 as applied to petitioners' property. G.S. 160-453.18(a) and (f).

2. Municipal Corporations § 2— review of annexation proceeding — exclusion of irrelevant evidence

In the superior court's review of a municipal annexation proceeding, the court properly excluded, as irrelevant, petitioner's evidence that a majority of the city police force had complained about overtime pay and other matters and that the city fire department was asking for new equipment.

3. **Municipal Corporations § 2— challenge to annexation proceedings — burden of proof**

   Where the record of annexation proceedings shows on its face substantial compliance with every essential provision of the applicable statutes, the burden is upon the petitioners who appealed from the annexation ordinance to show by competent evidence that the city failed to meet the statutory requirements or that there was irregularity in the proceedings which materially prejudiced their substantive rights.

4. **Municipal Corporations § 2— attack on annexation proceeding — slight irregularity in the proceeding — harmless effect**

   Petitioners who opposed a city's annexation plans were not materially prejudiced by the city's failure to have a representative present at the annexation hearing to explain its report on proposed services for the annexed area, where (1) the report, which was clear, concise, and couched in terms a layman could understand, had been available for public inspection prior to the hearing; (2) petitioners' attorneys had examined the report but did not request an explanation of the city's plans; and (3) the petitioners' real grievance was the city's Sunday observance ordinance.

5. **Municipal Corporations § 2— slight irregularities in annexation proceedings**

   Slight irregularities will not invalidate annexation proceedings if there has been substantial compliance with all essential provisions of the law.

6. **Municipal Corporations § 2— attack on annexation proceedings — grounds for attack**

   A property owner can attack annexation proceedings only upon the grounds specified in the statutes; he cannot successfully resist annexation because a city ordinance will adversely affect his financial interest.

APPEAL by petitioners from *Parker, J.,* 4 May 1970 Session of CRAVEN, transferred from the Court of Appeals for initial appellate review by the Supreme Court under G.S. 7A-31(b) (4). The appeal was docketed and argued at the Fall Term as Case No. 79.

In this proceeding, brought under G.S. 160-453.18, petitioners, Irvin Eisenbaum, Tram Realty of New Bern, Inc., Mart of New Bern, Inc., and Mammoth Mart, Inc., seeks to invalidate the annexation ordinance adopted by the City of New Bern (City) on 19 December 1969. The area annexed includes property owned by petitioner Eisenbaum, on which the other petitioners—as lessees or contractors—operate a retail store known as Mammoth Mart Department Store.

In re Annexation Ordinance

On 7 October 1969, City's Board of Aldermen (Board) adopted a resolution announcing that City proposed to annex approximately 403.73 acres, described by metes and bounds and lying generally west of its corporate limits. A public hearing on the proposed annexation was set for 18 November 1969 and duly advertised as required by G.S. 160-453.17(b).

On 3 November 1969, more than fourteen days prior to the date of the public hearing, as required by G.S. 160-453.15, Board approved and filed a report setting forth its plans to provide services to the area proposed for annexation. The plat included in the report divided the area to be annexed into two sections. Section 1, which embraces petitioners' property, contained about 147.79 acres; Section 2, approximately 255.94 acres.

The hearing on 18 November 1969 was opened with prayer by the tax collector. Petitioners were represented by J. Troy Smith, Jr., of the firm of Ward, Tucker, Ward, and Smith, attorneys of New Bern, and Osborne Lee, Jr., of the firm of Lee and Lee, attorneys of Lumberton. A large audience was present, and a number of people spoke against the annexation of Section 2. Except for one gentleman, who thought "the City already had its hands full and should concentrate on improving services rather than annexing *any* additional territory," no one protested the incorporation of that portion of Section 1 which was actually annexed. No representative of the municipality made any explanation of the report setting forth City's plan for extending municipal services to the territory proposed for annexation. However, neither petitioners' counsel nor anyone else requested an explanation of the report or inquired about these plans, and it is stipulated that counsel for petitioners had examined the report which had been filed in the office of the City Clerk fourteen days prior to the public hearing.

At a special meeting on 19 December 1969, Board adopted an ordinance by which City annexed, as of 31 December 1969, only a portion of the total area originally proposed. G.S. 160-453.17(e). The annexed area, described in metes and bounds, included the major part of Section 1. It embraced the property owned by petitioner Eisenbaum on which the Mammoth Mart Department Store is located. *Inter alia,* the ordinance contained specific findings that the area to be annexed met the requirements of G.S. 160-453.16. It reaffirmed City's purpose and

intent to provide municipal services as specified in the report filed 3 November 1969 and noted that these services could "obviously" be more easily provided for the smaller area actually annexed than for the larger one originally contemplated.

As allowed by G.S. 160-453.18, within thirty days following the passage of the annexation ordinance, petitioners appealed to the Superior Court for a review of Board's action. In brief summary they alleged City had failed to meet statutory requirements for annexation in that: (a) the annexation ordinance does not set forth "a specific plan" for extending police protection, fire protection, trash and garbage collection, street maintenance, water and sewer lines to the annexed area; (b) City has not provided for the financing of these municipal services; (c) the annexation ordinance makes a division of territory not described in the report or explained at the public hearing; (d) the area annexed is not "an area developed for urban purposes" as defined by G.S. 160-453.16(c); (e) at the public hearing there was no explanation of the annexation report by a City representative; (f) City has a "Sunday Observance Ordinance or Blue Law" which will prevent the corporate petitioners from operating the Mammoth Mart Department Store on Sunday; and (g) in consequence of City's disregard of the statutory requirements, petitioners will suffer material and irreparable injury unless the court declares the annexation ordinance null and void and stays its effective date pending the outcome of this proceeding.

Annexed to the petition was an affidavit by Eisenbaum that he had purchased the land on which the building now occupied by the Mammoth Mart Department Store is located because there were no legal restrictions against "retail business activity on Sunday" in Craven County; that since the Mammoth Mart opened for business on 8 October 1969 it has operated between the hours of 1:00 p.m. and 6:00 p.m. on Sunday; "that the motive prompting the City of New Bern to annex (his) shopping center is not of any sound municipal purpose." Also attached was an affidavit by Frank H. Brenton, an officer of Mammoth Mart, Inc., in which he averred that if the Mammoth Mart were closed on Sunday under City's "Blue Law," the store would be reduced to "a break-even operation"; that it would not have come to Craven County had there been any "reasonable expectancy of not being able to operate on Sunday"; that the

proposed annexation of the shopping center is arbitrary and illegal.

On 2 January 1970 Bundy, J., restrained City from putting the annexation ordinance into effect and from taking "any action whatsoever to prevent the Sunday operation of the business of the petitioners until further order by this court."

On 12 May 1970 Judge Parker reviewed the annexation proceedings without a jury as provided by G.S. 160-453.18(f). Before offering any evidence, petitioners moved the court to remand the proceedings to Board with directions to hold another public hearing after readvertisement because, at the hearing on 18 November 1969, no representative of City had explained the report on the proposed annexation as required by G.S. 160-453.17(d). This failure, they said, was "to the material prejudice of the substantial rights of the petitioners." The motion was denied.

Petitioners called as witnesses the Clerk-Treasurer of City and the City Manager. Their testimony tended to establish the facts detailed above. They also called the Chief of Police and Captain of the Fire Department and, by cross-examination, sought to establish that City's personnel and equipment were inadequate to furnish police and fire protection, as well as other municipal services, to the newly annexed area. Their testimony, however, tended to show that since 31 December 1969 all municipal services had been adequately supplied; that City had plans for increased fire protection and other services which were ready to be implemented; and that since 5 August 1969 City had been providing fire protection to petitioners under a contract to do so. The court declined to admit evidence that prior to 31 December 1969 a majority of the uniformed policemen had complained to the Board about their overtime pay, the lack of a vice squad, and recapped tires on police cars, and that the fire department was "going to ask for more equipment because we prepare for war in time of peace." Petitioners offered no other evidence. City offered no testimony.

After the hearing, Judge Parker found facts in accordance with City's minutes setting forth the annexation procedures followed and the testimony of the witnesses and entered judgment affirming the annexation. In brief summary (except as quoted) he concluded: (1) The area annexed meets the re-

quirement of G.S. 160-453.16 and qualified for annexation; (2) City substantially complied with the procedures required by Part 3 of N. C. Gen. Stats., Ch. 160; (3) "(S)uch procedural irregularities as may have occurred by reason of the lack of a full explanation of the report of services at the public hearing by a representative of the municipality, did not materially prejudice any substantive right of any of the petitioners," counsel for petitioners having examined said report of services in the office of the City Clerk prior to the public hearing; and (4) adequate municipal services were being furnished the area in question and additional services awaited the outcome of this litigation. From this judgment petitioners appealed.

*Lee & Lee; Ward, Tucker, Ward & Smith for petitioner appellants.*

*Ward & Ward for respondent appellee.*

SHARP, Justice.

Petitioners undertake to raise three questions upon this appeal: (1) Did the court err in refusing to remand the annexation ordinance to Board with instructions to readvertise and hold another public hearing at which a representative of City would explain the report setting forth its plan to provide services to the area proposed for annexation? (2) Did the court err in excluding evidence concerning complaints made by representatives of the police department to Board and "concerning the condition and capability" of the fire department to serve the area covered by the annexation ordinance? (3) Is the trial court's judgment supported by the evidence and applicable law? The scope of judicial review of annexation proceedings, however, is limited by statute.

[1] The jurisdiction of the Superior Court on appeal from an annexation ordinance is defined by G.S. 160-453.18. Within thirty days after the passage of an annexation ordinance the statute authorizes any person owning property in the annexed territory who believes "that he will suffer material injury by reason of the failure of the municipal governing body to comply with the procedure set forth in this part (Part 3 of N. C. Gen. Stats., Ch. 160) or to meet the requirements set forth in § 160-453.16 as they apply to his property" to petition the Superior Court to review the action of the governing board. Thus, the

court's review is limited to these inquiries: (1) Did the municipality comply with the statutory procedures? (2) If not, will petitioners "suffer material injury" by reason of the municipality's failure to comply? (3) Does the character of the area specified for annexation meet the requirements of G.S. 160-453.16 as applied to petitioners' property? G.S. 160-453.18(a) and (f).

[2] In reviewing the procedure followed by a municipal governing board in an annexation proceeding the question whether the municipality is then providing services pursuant to the plan of annexation is not before the court. Obviously, extension of services into an annexed area in accordance with the promulgated plan is not a condition precedent to annexation. *Dale v. Morganton,* 270 N.C. 567, 155 S.E. 2d 136. If, one year after annexation, "the municipality has not followed through on its service plans" adopted under the annexation procedures, the remedy of an aggrieved property owner within the annexed territory is by application for a writ of *mandamus.* G.S. 160-453.17(h).

Thus, the list of complaints made by certain policemen and the testimony of the Captain of the Fire Department that he intended to request additional equipment were totally irrelevant to the inquiry. The rejection of this evidence was not error.

[3] On its face the record of the annexation proceedings shows substantial compliance with every essential provision of the applicable statutes, N. C. Gen. Stats., Ch. 160, Part 3. Therefore, the burden is upon petitioners, who appealed from the annexation ordinance, to show by competent evidence that City in fact failed to meet the statutory requirements or that there was irregularity in the proceedings which materially prejudiced their substantive rights. *Huntley v. Potter,* 255 N.C. 619, 122 S.E. 2d 681.

[4] The only irregularity which the evidence tends to establish was City's failure, at the public hearing on 18 November 1969, to have a representative explain the report of its plans to provide services to the area proposed for annexation. Thus, the single question presented is whether this failure caused petitioners to suffer material injury. Obviously it did not.

The report, which is clear, concise, and couched in terms laymen can understand, had been on file in the office of the City Clerk for fourteen days prior to the public hearing. It was available for public inspection, and petitioners' attorneys had examined it. At the hearing petitioners were represented by two legal firms. Their lawyers, as well as all other persons who attended the hearing, apparently understood the report, for no one requested any explanation of City's plan to provide services. It would be vain, even farcical, for the court now to require City to readvertise and hold another public hearing so that one of its representatives could make a ritualistic explanation of plans, which had largely been carried out at the time the annexation proceedings were reviewed in the Superior Court.

[5] It is generally held that slight irregularities will not invalidate annexation proceedings if there has been substantial compliance with all essential provisions of the law. *Huntley v. Potter, supra;* 2 McQuillin, Municipal Corporations § 7.29 (3d ed. 1966). "Absolute and literal compliance with a statute enacted describing the conditions of annexation is unnecessary; substantial compliance only is required. . . . The reason is clear. Absolute and literal compliance with the statute would result in defeating the purpose of the statute in situations where no one has been or could be misled." *State v. Town of Benson, Cochise County,* 95 Ariz. 107, 108, 387 P. 2d 807, 808. *Accord, City of Ames v. Olson,* 253 Iowa 983, 114 N.W. 2d 904.

[6] Petitioners' pleadings and affidavits make it quite clear that their only grievance is City's Sunday Observance Ordinance —not the failure of a City representative to explain plans which they fully understood. A property owner, however, can attack annexation proceedings only upon the grounds specified in the statutes. He cannot successfully resist annexation because a city ordinance will adversely affect his financial interest.

The judgment of the Superior Court approving the annexation procedures of the Board of Aldermen of the City of New Bern and the annexation ordinance enacted by it on 19 December 1969 is affirmed. The injunction staying the annexation of petitioners' property and the application of City's ordinances to it is hereby dissolved. *See D & W, Inc. v. Charlotte,* 268 N.C. 720, 152 S.E. 2d 199.

Affirmed.