IN RE: ANNEXATION ORDINANCE ADOPTED BY THE CITY OF ALBEMARLE, ORDINANCE NO. 78-7, TO EXTEND THE CORPORATE LIMITS OF THE CITY OF ALBEMARLE, NORTH CAROLINA UNDER THE AUTHORITY GRANTED BY PART 3, ARTICLE 4A, CHAPTER 160A OF THE GENERAL STATUTES OF NORTH CAROLINA

No. 7920SC194

(Filed 18 December 1979)

1. **Municipal Corporations § 2.1— annexation—areas developed for urban purposes—undeveloped land between boundaries and developed areas to be annexed—compliance with statutes**

There was no merit to petitioners' contention that the trial court erred in concluding that respondent's ordinance and plan for annexation complied with the provisions of G.S. 160A-48, nor was there merit to their contention that the tests of G.S. 160A-48(c) must be applied to the entire tract sought to be annexed by respondent, since respondent did not seek to annex undeveloped lands beyond the developed areas peripheral to its present boundaries but instead sought to annex undeveloped lands which were between its boundaries and those substantial areas developed for urban purposes which it also sought to annex; furthermore, while the tests of G.S. 160A-48(c) were uniformly ap-

plied to the areas developed for urban purposes and those tracts were thereby qualified for annexation under the statute, the other areas were qualified under subsection (d) of the same statute.

**2. Municipal Corporations § 2.1— annexation—public hearing—failure to explain report—statute basically complied with**

Respondent city did not fail to comply with the annexation procedures outlined in G.S. 160A-49(d) where an officer of respondent, at a public hearing, read the entire report on the proposed annexation without making any explanation of it; the meeting was then opened to questions and continued at length while people asked any questions they wished concerning the proposed annexation; petitioners made no showing of prejudice because the report was not explained; and the portion of the statute requiring an explanation of the report was substantially if not literally complied with.

**3. Municipal Corporations § 2.6— annexation—extension of municipal services**

There was no merit to petitioners' contention that respondent failed to comply with provisions of G.S. 160A-47(3) pertaining to the extension of municipal services to the area to be annexed and the timetable for so doing, since the report and ordinance clearly and unequivocally set forth what steps would be taken in order to assure municipal services to the annexed area on the same basis as the rest of the city.

APPEAL by plaintiffs from *Walker (Ralph), Judge.* Judgment entered 27 October 1978 in Superior Court, STANLY County. Heard in the Court of Appeals 22 October 1979.

Petitioners instituted this proceeding seeking judicial review of respondent City's ordinance No. 78-7, which provided for annexation of certain areas to respondent's corporate limits. The petition for review alleged that the respondent had failed to meet the requirements of Chapter 160A of the North Carolina General Statutes, specifically N.C. Gen. Stat. §§ 160A-47(3), 160A-48, and 160A-49(d) and that petitioners would suffer material injury as a result. After receiving evidence and hearing arguments of counsel, the trial court found facts and concluded that respondent's plan and ordinance for annexation had complied with all pertinent requirements of the annexation statutes. Judgment was entered for respondent, but implementation of the annexation was stayed pending appeal. From this judgment petitioners appeal, assigning error.

*Edwin H. Ferguson, Jr., for petitioners appellant.*

*Henry C. Doby, Jr., for respondent appellee.*

MARTIN (Robert M.), Judge.

[1]   Petitioners, by their third assignment of error, contend that the trial court erred in concluding that respondent's ordinance and plan for annexation complied with the provisions of N.C. Gen. Stat. § 160A-48. The pertinent portions of the statute in question are set out below:

§ 160A-48. Character of area to be annexed.—(a) A municipal governing board may extend the municipal corporate limits to include any area

(1) Which meets the general standards of subsection (b), and

(2) Every part of which meets the requirements of either subsection (c) or subsection (d).

(b) The total area to be annexed must meet the following standards:

(1) It must be adjacent or contiguous to the municipality's boundaries at the time the annexation proceeding is begun.

(2) At least one eighth of the aggregate external boundaries of the area must coincide with the municipal boundary.

(3) No part of the area shall be included within the boundary of another incorporated municipality.

(c) Part of all of the area to be annexed must be developed for urban purposes. An area developed for urban purposes is defined as any area which meets any one of the following standards:

(1) Has a total resident population equal to at least two persons for each acre of land included within its boundaries; or

(2) Has a total resident population equal to at least one person for each acre of land included within its boundaries, and is subdivided into lots and tracts such that at least sixty percent (60%) of the total acreage consists of lots and tracts five acres or less

in size and such that at least sixty percent (60%) of the total number of lots and tracts are one acre or less in size; or

(3) Is so developed that at least sixty percent (60%) of the total number of lots and tracts in the area at the time of annexation are used for residential, commercial, industrial, institutional or governmental purposes, and is subdivided into lots and tracts such that at least sixty percent (60%) of the total acreage, not counting the acreage used at the time of annexation for commercial, industrial, governmental or institutional purposes, consists of lots and tracts five acres or less in size.

(d) In addition to areas developed for urban purposes, a governing board may include in the area to be annexed any area which does not meet the requirements of subsection (c) if such area either:

(1) Lies between the municipal boundary and an area developed for urban purposes so that the area developed for urban purposes is either not adjacent to the municipal boundary or cannot be served by the municipality without extending services and/or water and/or sewer lines through such sparsely developed area; or

(2) Is adjacent, on at least sixty percent (60%) of its external boundary, to any combination of the municipal boundary and the boundary of an area or areas developed for urban purposes as defined in subsection (c).

The purpose of this subsection is to permit municipal governing boards to extend corporate limits to include all nearby areas developed for urban purposes and where necessary to include areas which at the time of annexation are not yet developed for urban purposes but which constitute necessary land connections between the municipality and areas developed for urban purposes or between two or more areas developed for urban purposes.

From this statute it may be seen that two different levels of analysis must be employed in determining whether property sought to be annexed by a municipality meets the statutory requirements. Initially, the entire area to be annexed viewed as a whole, must meet all of the standards enunciated in N.C. Gen. Stat. § 160A-48(b). Assuming the area so qualifies, the next inquiry is whether all parts of the area to be annexed meet either the standards of N.C. Gen. Stat. § 160A-48(c) (property developed for urban purposes) or the standards of N.C. Gen. Stat. § 160A-48(d) (property not otherwise meeting the developed for urban purposes criteria).

Petitioners strongly contend that the tests of N.C. Gen. Stat. § 160A-48(c) must be applied to the entire tract sought to be annexed by respondent. When so applied, it is argued, the tract does not meet the requirements, and so the annexation is not valid. In support of this contention they cite *In re Annexation Ordinance [Charlotte]*, 284 N.C. 442, 202 S.E. 2d 143 (1974). In that case, the municipality sought to annex land, all of which had been qualified under the "developed for urban purposes" test. However, the area to be annexed was subdivided by the City into study areas. In some of the more populated study areas, "population credits" (the excess of persons in the area over the two per acre required by N.C. Gen. Stat. § 160A-48(c)(1)) were employed to extend the boundaries of the study areas outward into land which, by itself, did not meet the developed for urban purposes test. The court held that this was not a proper application of the statutory standard. Instead, the population credits accumulated in one study area must be applied uniformly to the area to be annexed as a whole. Therefore, when all of the property sought to be annexed by a municipality was qualified under the standard of N.C. Gen. Stat. § 160A-48(c)(1), the standard must be uniformly applied to that area as a whole. *Also see In re Annexation Ordinance [Goldsboro]* 296 N.C. 1, 249 S.E. 2d 698 (1978).

A markedly different situation is presented by the instant case. Respondent does not seek to annex undeveloped lands beyond the developed areas peripheral to its present boundaries, but rather seeks to annex undeveloped lands which lie between its boundaries and those substantial areas developed for urban purposes which it also seeks to annex. Furthermore, while the tests of N.C. Gen. Stat. § 160A-48(c) have been uniformly applied

to the areas developed for urban purposes and those tracts are thereby qualified for annexation under this statute, the other areas have been qualified under subsection (d) of the same statute.

The annexation statutes as embodied in Chapter 160A recognize that municipalities of differing sizes tend to display differing patterns of development in the areas outside the municipal boundaries:

> § 160A-33. Declaration of policy.—It is hereby declared as a matter of State policy:
>
> *   *   *
>
> (4) That new urban development in and around municipalities having a population of less than 5,000 persons tends to be concentrated close to the municipal boundary rather than being scattered and dispersed as in the vicinity of larger municipalities, so that the legislative standards governing annexation by smaller municipalities can be simpler than those for larger municipalities and still attain the objectives set forth in this section. . . .

> § 160A-45. Declaration of policy.—It is hereby declared as a matter of State policy:
>
> *   *   *
>
> (4) That new urban development in and around municipalities having a population of 5,000 or more persons is more scattered than in and around smaller municipalities, and that such larger municipalities have greater difficulty in expanding municipal utility systems and other service facilities to serve such scattered development, so that the legislative standards governing annexation by larger municipalities must take these facts into account if the objectives set forth in this section are to be attained. . . .

Respondent is a municipality having more than 5,000 persons, and its development pattern has been somewhat scattered, as contemplated by the statute. Were we to accept petitioners' argu-

ment that the total annexation area must meet the urban pur-
poses test without regard for whether the property is annexed
under subsection (c) or subsection (d) of N.C. Gen. Stat. § 160A-48,
much of the statute in question would be rendered meaningless,
and the clear intent of the Legislature, as expressed by the un-
equivocal language quoted above and from N.C. Gen. Stat.
§ 160A-48, would be contravened. Respondent's situation is
precisely that which the Legislature apparently contemplated
when the pertinent portions of Chapter 160A were enacted. When
subsection (d) of N.C. Gen. Stat. § 160A-48 (or its predecessor) has
been before the court, it has been similarly interpreted. *See In re
Annexation Ordinance [Jacksonville]* 255 N.C. 633, 122 S.E. 2d 690
(1961). Petitioners have adduced no evidence to show that the
"developed for urban purposes" test was not uniformly applied to
the portion of the area to be annexed under N.C. Gen. Stat.
§ 160A-48(c). Neither have petitioners shown that the standards
of subsection (d) of the same statute were not applied uniformly
to those portions of the area to be annexed under that subsection.
The trial court found, and his findings are supported by abundant
competent evidence of record, that all of the area to be annexed
complied with the requirements of N.C. Gen. Stat. § 160A-48(b),
and he further found that all of the tracts into which the area had
been subdivided complied either with the requirements of subsec-
tion (c) or (d). On that basis he found the statutes to have been
complied with and affirmed the ordinance. Having determined
that petitioners' contentions in this question are not supported by
statute or applicable authority, we conclude that the trial court
was correct in its ruling. Petitioners' assignment of error is over-
ruled.

[2]  Petitioners have also contended that certain of the provisions
of N.C. Gen. Stat. § 160A-49 were not complied with, specifically
subsection (d) of that section. That statute provides in pertinent
part:

§ 160A-49. Procedure for annexation.

*       *       *

(d) Public Hearing.—At the public hearing a represen-
tative of the municipality shall first make an explanation of
the report required in G.S. 160A-47. Following such explana-

tion, all persons resident or owning property in the territory described in the notice of public hearing, and all residents of the municipality, shall be given an opportunity to be heard.

Petitioners presented evidence which tended to show that at the public hearing, an officer of respondent read the entire report on the proposed annexation without making any explanation of it. The meeting was then open to questions, and continued at length while persons present asked any questions they wished to ask concerning the proposed annexation. Petitioners' argument is that by failing first to explain the report, the statutory procedure was not complied with and therefore the ordinance must be invalidated. This contention is feckless. Petitioners have not shown what, if any, prejudice accrued as a result of this minor technical variance from statutory procedure. The trial court concluded, and we agree, that this portion of the statute has been substantially, if not literally, complied with. *See In re Annexation Ordinance [New Bern]* 278 N.C. 641, 180 S.E. 2d 851 (1971). *Also see Adam Millis Corporation v. Kernersville*, 6 N.C. App. 68, 169 S.E. 2d 496 (1969). This assignment of error is overruled.

[3]   Lastly, petitioners contend that respondent has failed to comply with certain provisions of N.C. Gen. Stat. § 160A-47(3), which pertains to the extension of municipal services (including garbage and trash collection, water and sewerage service, street maintenance, etc.) to the area to be annexed and the timetable for so doing. A review, point for point, of all of the evidence of record pertinent to these assignments of error would be of no value here. The report and ordinance of respondent clearly and unequivocally set forth what steps will be taken in order to assure municipal services to the annexed area on the same basis as the rest of the city. The report and ordinance meticulously detail what equipment will be acquired, what interim steps will be taken, where funds for operations and expansion will be obtained and demonstrates scrupulous care to comply with the requirements of parity and timing of N.C. Gen. Stat. § 160A-47(3). The trial court found from this evidence that respondent had complied with these requirements and petitioners have brought forth no basis upon which to overturn the findings and conclusions based thereon. The standards of specificity set forth in *In re Annexation Ordinance [Jacksonville]* 255 N.C. 633, 122 S.E. 2d 690 (1961),

have more than been met in this regard. The assignment of error is overruled.

In the proceedings below we find no error.

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.