SOUTHERN GLOVE MANUFACTURING COMPANY, INC., JOYCE FIDLER AND HUSBAND, LEONARD C. FIDLER, JANICE HARVEY AND HUSBAND, WILLIAM J. HARVEY v. CITY OF NEWTON

No. 8225SC1039

(Filed 6 September 1983)

**Municipal Corporations § 2.4— annexation ordinance—authority to remand for deletion of landowners**

Although not explicitly authorized by G.S. 160A-50, a superior court judge had authority to remand an annexation ordinance to the city governing board upon the city's motion to exclude landowners who were originally covered by the ordinance.

APPEAL by petitioners from *Ferrell, Judge.* Judgment entered 31 July 1982 in Superior Court, CATAWBA County. Heard in the Court of Appeals 25 August 1983.

The petitioners brought this action to review exclusion from the City's annexation ordinance.

On 2 March 1982, the City adopted an annexation ordinance. The petitioners filed a petition for review of that ordinance in Superior Court on 31 March 1982.

At a pre-trial conference on 14 May 1982 in which the parties were represented by counsel, the City's counsel said that it wished to delete the petitioners' property from the proceeding. The trial judge instructed the City's counsel to file a written motion with that request.

On 17 May 1982, the City filed the motion and served it by mail on the petitioners' counsel. On 18 May 1982, the trial judge signed an order permitting the City to delete the petitioners' property and remanded the proceeding to the City for appropriate action by its governing board. The City took that action on the same day. The order and amended ordinance were served on the petitioners' counsel by mail on 18 May 1982.

On 19 May 1982, the trial judge signed the final judgment which was served on the petitioners' counsel that day by mail.

Pursuant to a motion in the cause filed by the petitioners to set aside or amend the order and judgment, a hearing was held at which all counsel were present. On 31 July 1982, the trial judge denied the petitioners' motion to set aside but granted their motion to amend the 18 May 1982 order to the extent that it stated that the petitioners did not object to that order. The petitioners appealed.

*Williams & Pannell, by Martin C. Pannell and Mullen, Holland and Cooper, by James Mullen, for petitioner-appellants.*

*Sigmon, Sigmon and Isenhower, by Jesse C. Sigmon, Jr., for defendant-respondent.*

ARNOLD, Judge.

Although the petitioners were deleted from the annexation ordinance in this case, a separate annexation proceeding, which included the petitioners' land, was begun on 19 May 1982. Review of that proceeding is currently pending in Superior Court.

The petitioners' primary argument is that the annexation statutes do not provide for remand by a superior court judge to the City in a case like this one. They argue that the three possible dispositions on remand listed in G.S. 160A-50(g) are exclusive. We disagree.

That statute says that the superior court may affirm the action of the governing board without change, or it *may* remand to the municipal governing board for one of three dispositions, none of which is applicable here. G.S. 160A-50(g) does not say, however, that these are the only dispositions of an ordinance on remand.

The burden is on the petitioners to show by competent evidence that the City failed to meet the statutory requirements or that there was irregularity in the proceedings which materially prejudiced their substantive rights. *Food Town Stores, Inc. v. City of Salisbury*, 300 N.C. 21, 25, 265 S.E. 2d 123, 126 (1980).

> The court's review is limited to these inquiries: (1) Did the municipality comply with the statutory procedures? (2) If not, will petitioners "suffer material injury" by reason of the municipality's failure to comply? (3) Does the character of the area specified for annexation meet the requirements of G.S. 160-453.16 [now in G.S. 160A-45 to -56] as applied to petitioners' property? G.S. 160A-453.18(a) and (f) [now in G.S. 160A-45 to -56].

*In re: Annexation Ordinance*, 278 N.C. 641, 646-47, 180 S.E. 2d 851, 855 (1971).

It is correct that G.S. 160A-50 does not explicitly empower a superior court judge to remand an annexation ordinance upon a City's motion to exclude a landowner who originally was covered by it. But we see no "material injury" to the petitioners by the remand in this case.

The end result of the ordinance that is before us in *this* case is that the petitioners are not part of the City of Newton. We cannot use this appeal to decide the merits of the second annexation ordinance adopted by the respondent which included the petitioners. That is a separate proceeding.

We refuse to strictly interpret these statutes and find error. Such an action would contravene the intent of the Legislature, which is to obtain a meaningful review of annexation ordinances. *See In re: Annexation Ordinance*, 284 N.C. 442, 456, 202 S.E. 2d 143, 152 (1974).

We affirm the remand by the trial judge to delete the petitioners' land in this case.

Affirmed.

Judges WEBB and BRASWELL concur.