**THRASH v. CITY OF ASHEVILLE**

[115 N.C. App. 310 (1994)]

———————————

THOMAS L. THRASH AND WIFE, LORA R. THRASH, KEITH HERMAN AND WIFE, TERRY HERMAN, AND WILLARD HINTZ AND WIFE, ELIZABETH HINTZ, PETITIONERS v. CITY OF ASHEVILLE, A MUNICIPAL CORPORATION, RESPONDENT, BASF CORPORATION, PETITIONER v. CITY OF ASHEVILLE, A MUNICIPAL CORPORATION, RESPONDENT

No. 9328SC637

(Filed 21 June 1994)

1. **Municipal Corporations § 121 (NCI4th)— annexation—challenge—burden of proof**

   Where the record of annexation proceedings shows substantial compliance with the requirements of Chapter 160A, the burden is on petitioners to prove failure to meet those requirements or an irregularity in the proceedings which materially prejudiced their substantive rights.

   **Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 70 et seq.**

2. **Municipal Corporations § 49 (NCI4th)— annexation—notice—hearing continued without notice**

   The trial court did not err in an annexation challenge by finding that the City had substantially complied with N.C.G.S. § 160A-49 where the City gave proper notice of a public hearing; the City Council met at 4:00 p.m. and conducted its regular meeting; the meeting was recessed and continued until 7:00 p.m., the time scheduled for the public hearing; the public hearing was held and the Council heard from several citizens; several members of the Council did not return to the public hearing portion of the meeting; and the Council voted to continue the public hearing without further advertisement to the next regular Council meeting. By the plain language of N.C.G.S. § 160A-81, which pro-

vides for a continuance if a quorum is not present, the Council was within its authority to continue the public hearing without further advertisement.

**Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 65 et seq.**

3. **Municipal Corporations § 49 (NCI4th)— annexation— notice—certificate that notice mailed to all property owners—substantial compliance**

There was no procedural violation warranting remand of an annexation ordinance where the materials delivered to the superior court did not include a certificate that notice of the public hearing was mailed to all property owners in the affected area as required by N.C.G.S. § 160A-49(b) but there was ample evidence that the notices were mailed and no contention that the property owners did not receive the notices. The irregularity of including the certificate was so slight that it could not have prejudiced petitioner and did not preclude a finding of substantial compliance.

**Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 65 et seq.**

4. **Municipal Corporations § 58 (NCI4th)— annexation— urban use of annexed property—time of calculation**

The superior court did not err in an annexation challenge by concluding that the City appropriately found that the area to be annexed was developed for urban purposes where the finding was not made on the date of annexation. There is no requirement in Chapter 160A that the City review its tax maps or other sources on the day the annexation ordinance is adopted in order to make up-to-the-minute amendments of the annexation plan and, in this case, the calculations related to urbanization were made shortly before the ordinance was passed and were amended once to reflect corrections which the City made after the initial adoption of the annexation plan. Furthermore, the petitioner did not contend that a last minute review of the lots in the annexed area would have made any difference in the results.

**Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 66 et seq.**

5. **Municipal Corporations § 77 (NCI4th)— annexation—contiguous boundary—natural topographic features—no error**

The petitioners challenging an annexation ordinance did not establish error on the issues of contiguous boundaries and whether the City followed natural topographic features and streets where petitioners argued that the ordinance did not contain the appropriate finding concerning contiguous boundaries, but such a finding was present, and did not guide the Court of Appeals to any portion of the record containing evidence in support of the contention regarding topographic features or the statistical calculations to prove that the proposed boundaries comply with the urbanization requirements of N.C.G.S. § 160A-48.

**Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 55 et seq.**

6. **Municipal Corporations § 96 (NCI4th)— annexation—water and sewer services—FmHA funds**

An annexation was not prohibited by the fact that the annexed area consumes the majority of a water and sewer district which recently constructed water and sewer facilities using funds borrowed from the Farmers Home Administration. The statute involved, 7 U.S.C. § 1926(b), does not prohibit annexation of an area served by an association such as this district; it merely prohibits the annexing municipality from curtailing, limiting, or otherwise interfering with the services provided by such an association.

**Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 56 et seq.**

Appeal by petitioners from judgment entered 15 December 1992 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 10 March 1994.

This appeal arises from petitioners' challenge to an annexation ordinance adopted by the City of Asheville (the City) on 18 December 1990. Petitioners initiated review proceedings in the superior court pursuant to N.C. Gen. Stat. § 160A-50(a) (1987) and argued that the City did not comply with all the requirements for annexation found in Chapter 160A of the General Statutes. The superior court determined that the City substantially complied with the requirements of Chapter 160A and entered judgment for the City. From this judgment petitioners appeal.

*Adams, Hendon, Carson, Crow & Saenger P.A., by S.J. Crow and Martin Reidinger, for petitioner appellants Thrash, et al.*

*Moore & Van Allen, by Douglas R. Ghidina, for petitioner appellant BASF Corp.*

*Nesbitt & Slawter, by William F. Slawter and Sarah Patterson Brison, for respondent appellee.*

ARNOLD, Chief Judge.

[1]  Where the record of the annexation proceedings shows substantial compliance with the requirements of Chapter 160A, the burden is on petitioners to prove failure to meet those requirements or an irregularity in the proceedings which materially prejudiced their substantive rights. *Scovill Mfg. Co. v. Town of Wake Forest*, 58 N.C. App. 15, 17-18, 293 S.E.2d 240, 243, *disc. review denied*, 306 N.C. 559, 294 S.E.2d 371 (1982). Despite petitioner BASF's commendable effort to convince us that the burden never shifted to petitioners, our review of the record reveals substantial compliance with Chapter 160A, and therefore the burden was on petitioners to prove noncompliance or a procedural irregularity and resulting prejudice.

[2]  Petitioners contend that the superior court erred in finding that the City substantially complied with several of the procedural requirements of Chapter 160A. First, petitioners contend that the City did not comply with N.C. Gen. Stat. § 160A-49 (1987) which sets out specific requirements for the time and manner in which the City must give notice of the public hearing on the proposed annexation. The City gave proper notice of a public hearing held on 13 November 1990. On that date, the City Council (the Council) met at 4:00 p.m. and conducted its regular meeting. It then recessed the meeting and continued it until 7:00 p.m., the time scheduled for the public hearing. At the reconvened meeting the public hearing was conducted and the Council heard from several citizens. Although they had not been excused, several members of the Council did not return to the public hearing portion of the meeting. Therefore, at the conclusion of the public hearing the Council voted to continue the public hearing without further advertisement to the next regular Council meeting on 27 November 1990. Petitioners argue that the Council could not continue the public hearing without repeating the notice requirements in G.S. § 160A-49. We disagree.

G.S. § 160A-81 governs the conduct of public hearings before city councils. Aside from establishing the city council's power to control

the conduct of hearings generally, this section provides that "[t]he council may continue any public hearing without further advertisement. If a public hearing is set for a given date and a quorum of the council is not then present, the hearing shall be continued until the next regular council meeting without further advertisement." By this section's plain language the Council was within its authority to continue the public hearing without further advertisement, and accordingly, the Council's action does not foreclose a finding of substantial compliance with Chapter 160A. We are not persuaded by petitioners' arguments that G.S. § 160A-81 is applicable only to public hearings not concerning annexation. Nothing in G.S. § 160A-81 indicates that its application should be so limited, and we decline to read such a limitation into it. Petitioner's remaining arguments on this issue are also not persuasive, and we therefore reject them.

[3] Petitioner BASF argues that the City failed to comply with G.S. § 160A-50(c), which provides that within 15 days of receiving a copy of the petition for review of the annexation ordinance the City must deliver to the superior court "(1) [a] transcript of the portions of the municipal journal or minute book in which the procedure for annexation has been set forth and (2) [a] copy of the report setting forth the plans for extending services to the annexed area as required in G.S. § 160A-47." Petitioner argues that the materials delivered to the court are incomplete because they do not include a certificate that notice of the public hearing was mailed to all the property owners in the affected area as required by G.S. § 160A-49(b). G.S. § 160A-49(b) provides that the "person or persons mailing such notices shall certify to the governing board that fact, and such certificate shall become a part of the record of the annexation proceeding and shall be deemed conclusive in the absence of fraud." Because the certificate becomes part of the record, petitioner argues, its absence from the materials delivered to the superior court constitutes a procedural violation warranting remand of the ordinance.

Petitioner does not contend that the City failed to mail the notices, and there was ample evidence before the court in the form of an affidavit and testimony showing that the notices were actually mailed to all affected property owners. Because the notices were mailed and there is no contention that the property owners did not receive the mailed notices, this irregularity was so slight that it could not have prejudiced petitioner, and it does not require remand of the ordinance. *See In re Annexation Ordinance*, 278 N.C. 641, 180 S.E.2d 851 (1971) (Slight irregularities will not invalidate annexation.).

We note that petitioner uses the certificate's absence from the record as support for its argument that the burden of proof did not shift to petitioners. Petitioner argues that there cannot be substantial compliance with the statute when a document required by the statute is omitted from the record. Petitioner then argues that because there was not substantial compliance, petitioner does not have to show it was prejudiced by the omission. This minor omission, however, does not preclude a finding of substantial compliance. *See In re Annexation Ordinance*, 278 N.C. 641, 180 S.E.2d 851 (finding prima facie substantial compliance when the city, at the public hearing, failed to comply with the statutory requirement of explaining the plan to extend services to the annexed area).

**[4]** Petitioners in 91 CVS 174 (Thrash) next argue that the superior court erred in concluding that the City made the appropriate findings required by G.S. § 160A-49(e) showing that the annexed area was qualified under G.S. § 160A-48 for annexation. G.S. § 160A-48 sets the standards that must be met before an area may be annexed:

(1) It must be adjacent or contiguous to the municipality's boundaries at the time the annexation proceeding is begun.

(2) At least one eighth of the aggregate external boundaries of the area must coincide with the municipal boundary.

(3) No part of the area shall be included within the boundary of another incorporated municipality.

In addition, the area to be annexed must be developed for urban purposes. G.S. § 160A-48(c)(3) provides that an area is developed for urban purposes if it meets the following standard:

[It is] so developed that at least sixty percent (60%) of the total number of lots and tracts in the area at the time of annexation are used for residential, commercial, industrial, institutional or governmental purposes, and is subdivided into lots and tracts such that at least sixty percent (60%) of the total acreage, not counting the acreage used at the time of annexation for commercial, industrial, governmental or institutional purposes, consists of lots and tracts five acres or less in size.

When all the requirements for annexation are met, the governing body may adopt an annexation ordinance. The annexation ordinance must contain "specific findings showing that the area to be annexed meets the requirements of G.S. 160A-48." G.S. § 160A-49(e)(1). Peti-

tioner Thrash contends that the City's ordinance does not contain sufficient findings in several categories.

Petitioner first takes issue with the urbanization findings. Petitioner acknowledges that the City made findings with respect to urbanization, but he claims that because the findings were not made on the date of annexation they do not comply with Chapter 160A. We disagree. We do not find a requirement in Chapter 160A that the City review its tax maps or other sources on the day the annexation ordinance is adopted in order to make up-to-the-minute amendments of the annexation plan. In this case, the calculations related to urbanization were made shortly before the ordinance was passed, and they were amended once to reflect corrections which the City made after the initial adoption of the annexation plan. The City even made findings with respect to property exchanges which some individuals made in an effort to thwart the annexation after the annexation plan was adopted. Even with these amendments the findings in the ordinance showed that the annexed area met the statutory standard for urbanization. Furthermore, petitioner does not contend that a last minute review of the lots in the annexed area would have made any difference in the results.

[5] Next petitioner argues that the ordinance does not contain a finding that one eighth of the annexed area's boundary is contiguous to the existing municipal boundary as required by G.S. § 160A-48(e). On the same page with the findings petitioner refers to above, however, we discovered the following finding in paragraph (1) of the "Statement of Statutory Standards":

The area is contiguous as defined in N.C. Gen. Stat. Sec. 160A-53 in that at least one-eighth of the aggregate boundary coincides with the present City of Asheville boundary. . . . [O]n October 9, 1990, the aggregate external boundary line of the area to be annexed was approximately 49,020 feet, of which approximately 7,000 feet or 14.3 percent coincided with the present City of Asheville boundary. Taking into consideration boundary changes to the annexation area made by the City of Asheville after the initial adoption of the Plan, the aggregate external boundary of the area to be annexed is approximately 51,830 feet, of which approximately 7,000 feet or 13.5 percent coincides with the present City of Asheville boundary.

Simple division reveals that 7000 feet is greater than one eighth of the annexed area's total boundary. Petitioner does not acknowledge

these figures and therefore does not dispute their accuracy. The finding of contiguousness could not be plainer.

Petitioner Thrash further argues that the trial court erred in finding that the City followed natural topographic features and streets wherever practical in defining the boundaries of the annexed area. Petitioner describes six areas which he contends do not comply with the statute and argues that alternative boundaries should have been used. He does not, however, guide us to any portion of the record containing evidence in support of his contention, nor does he provide the statistical calculations to prove that his proposed boundaries comply with the urbanization requirements of G.S. § 160A-48. We conclude that petitioner did not meet his burden of establishing error on this issue.

[6] Finally, petitioner Thrash argues that this annexation was prohibited by 7 U.S.C. § 1926(b) (1988). The annexed area consumes the majority of the Enka Candler Water and Sewer District (ECWSD), which recently constructed water and sewer facilities using funds borrowed from the Farmers Home Administration (FmHA). 7 U.S.C. § 1926(b) provides that the service provided by an association such as ECWSD

> shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body . . . nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

This issue does not appear to be within the scope of review of an annexation ordinance under G.S. § 160A-50, but we will consider it nonetheless.

Petitioner argues that annexation is absolutely prohibited by 7 U.S.C. § 1926(b); he does not offer proof that the annexation will actually curtail or limit ECWSD's service. We believe that 7 U.S.C. § 1926(b) does not prohibit annexation of an area served by an "association" such as ECWSD; it merely prohibits the annexing municipality from curtailing, limiting, or otherwise interfering with the services provided by such an association.

A reading of the plain language in the statute reveals that the statute actually contemplates the annexation of an area served by an

"association." The statute first provides that service may not be curtailed by inclusion of the area within municipal limits, but it continues to state that "nor shall the *happening of any such event* [referring to the inclusion of that area within municipal boundaries] be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event." 7 U.S.C. § 1926(b) (emphasis added). Obviously the statute does not intend to prohibit annexation in one sentence and provide for its occurrence in the next. Reading the statute as a whole reveals its true intent—to prevent curtailment or limitation of service by events which might follow annexation.

Further support is found in the legislative history of § 1926(b) which provides in part: "A new provision has been added to assist in protecting the territory served by such an association facility against competitive facilities, which might otherwise be developed with the expansion of the boundaries of municipal and other public bodies into an area served by the rural system." 1961 U.S.C.C.A.N. 2243, 2309. The history further provides that this statute "[p]rohibits curtailment of a water association borrower's service as a result of inclusion of its service area within the boundaries of any public body or as the result of the granting of any private franchise for similar service in such area." *Id.* at 2305. From this language it is clear that Congress was aware that cities, due to growth needs, may annex certain areas served by FmHA borrowers. The statute was designed to protect "associations" from competitive facilities which might follow annexation, not from annexation itself. *See Pinehurst Enters. v. Town of Southern Pines*, 690 F. Supp. 444 (M.D.N.C. 1988), *aff'd*, 887 F.2d 1080 (4th Cir. 1989). Obviously then the statute permits annexation of the area served by ECWSD.

The superior court's order is affirmed.

Affirmed.

Judges COZORT and LEWIS concur.