JOHN M. DUNN, JR. AND WIFE, OLLIE M. DUNN, MR. AND MRS. C. H. BLACK, AND MR. AND MRS. H. C. KEITH, PETITIONERS v. THE CITY OF CHARLOTTE, NORTH CAROLINA, RESPONDENT

RONALD K. BROWN AND WIFE, LINDA LEE BROWN, AND LARRY E. JOHNSON AND WIFE, MARY L. JOHNSON, PETITIONERS v. THE CITY OF CHARLOTTE, NORTH CAROLINA, RESPONDENT

JOHN A. DeGROOT AND WIFE, OPHELIA H. DeGROOT, AND A. KEITH WOODBERY AND WIFE, PETITIONERS v. THE CITY OF CHARLOTTE, RESPONDENT

No. 76

(Filed 25 January 1974)

1. Municipal Corporations § 2— appeal from annexation ordinance — burden of proof

Where the record of annexation proceedings on its face showed substantial compliance with every essential provision of the applicable statutes, the burden was upon petitioners who appealed from the annexation ordinance to show by competent evidence that the city in fact failed to meet the statutory requirements or that there was irregularity in the proceedings which materially prejudiced their substantive rights.

2. Municipal Corporations § 2— annexation — proposed timetable for extension of services

There was ample basis for the trial court's finding that the substantive rights of the petitioners have not been prejudiced by the absence from the city's plan for the extension of services into an area to be annexed of a "proposed timetable" for construction of major trunk water mains and sewer outfall lines into the area, the proposed timetable having been provided in discovery proceedings. G.S. 160-453.15(3)c.

3. Municipal Corporations § 2— annexation — fire protection — use of water tankers

A city's plan to purchase and use water tankers for fire protection in an area to be annexed until fire hydrants can be installed met the requirements of G.S. 160-453.15(3)a.

**4. Municipal Corporations § 2— annexation — financing of extension of services — use of federal funds**

A city's plan to finance the extension of services into an area to be annexed, including the contemplated use of federal funds, complied with G.S. 160-453.15(3)d.

**5. Municipal Corporations § 2— annexation — services not set forth in ordinance — reference to report of plans for services**

Annexation ordinances are not defective because services to be provided the areas being annexed are not set forth in the ordinances, it being sufficient that each ordinance contains a statement that the city intends to provide the services as set forth in the report of plans for services for the area to be annexed. G.S. 160-453.17(e)(2).

APPEAL by petitioners from *Martin, Special J.,* 12 February 1973 Session of the Superior Court of MECKLENBURG County, certified pursuant to G.S. 7A-31 for initial appellate review by the Supreme Court.

On 11 December 1972, the Charlotte City Council (Council), the governing board of the City of Charlotte (City), under authority of N.C. Gen. Stats. Ch. 160, Art. 36, Part 3, being G.S. 160-453.13 *et seq.,* adopted three annexation ordinances identified as 689-X, 690-X, and 691-X.

Prior to the adoption of the ordinances on 11 December 1972 the City had complied with the procedural requirements of G.S. 160-453.17(a), (b), (c) and (d). On 24 October 1972 the Council declared its intent to consider annexation of the three areas and set the time and place for a public hearing on the question of annexation. Plans setting forth services to be provided each of the three annexation areas were prepared. G.S. 160-453.15. These plans were approved by the Council on 6 November 1972 and filed in the office of the City Clerk and made available for public inspection. The public hearing was held 1 December 1972, after due advertisement. Features of the plan were explained and interested persons were given an opportunity to be heard. Each ordinance recites that the Council had taken into consideration the statements presented at such public hearing. Each contains the findings prescribed by G.S. 160-453.17 (e)(1).

Petitioners John M. Dunn, Jr., and wife, Ollie M. Dunn, Mr. and Mrs. C. H. Black, and Mr. and Mrs. H. C. Keith own real property in the Statesville Road-Derita Road Annexation Area, the subject of Ordinance 691-X. Hereafter the word "Dunn" will refer to all of these petitioners.

Petitioners Ronald K. Brown and wife, Linda Lee Brown, and Larry E. Johnson and wife, Mary L. Johnson, own real property in the Hickory Grove Annexation Area, the subject of Ordinance 690-X. Hereafter the word "Brown" will refer to all of these petitioners.

Petitioners John A. DeGroot and wife, Ophelia H. DeGroot, and A. Keith Woodbery and wife, own real property in the Albemarle Road-York Road Annexation Area, the subject of Ordinance 689-X. Hereafter the word "DeGroot" will refer to all of these petitioners.

On 10 January 1973, Dunn, Brown and DeGroot, under authority of G.S. 160-453.18(a), filed separate petitions in the Superior Court of Mecklenburg County in which they attacked the annexation ordinances on the ground the services to be provided the areas to be annexed as set forth in the approved plans were insufficient to constitute compliance with the requirements of G.S. 160-453.15. City answered each petition.

The court consolidated the three petitions for review at a single hearing. At the hearing, evidence was offered by petitioners and by respondents. In respect of each petition, the court made findings of fact, stated conclusions of law and entered judgment. Each judgment affirmed the ordinance and adjudged that "the annexation may take place as scheduled."

Each petitioner excepted and appealed. G.S. 160-453.18(h).

*Casey & Daly by Hugh G. Casey, Jr., for petitioner appellants.*

*Henry W. Underhill, Jr., H. Michael Boyd and W. A. Watts for respondent appellee.*

BOBBITT, Chief Justice.

The authority of the Council to extend the corporate limits of Charlotte is conferred by G.S. 160-453.14. The procedure is prescribed by G.S. 160-453.17.

[1]   In each case, the court properly concluded that the record of the annexation proceedings on its face showed substantial compliance with every essential element of the applicable statutes. Therefore, the burden was upon petitioners, who appealed from the annexation ordinance, to show by competent evidence that the City in fact failed to meet the statutory requirements

or that there was irregularity in the proceedings which materially prejudiced their substantive rights. *In re Annexation Ordinance,* 278 N.C. 641, 647, 180 S.E. 2d 851, 855 (1971). Compare *Huntley v. Potter,* 255 N.C. 619, 628, 122 S.E. 2d 681, 686-87 (1961), which related specifically to annexation proceedings under G.S. 160-453.1 *et seq.* by municipalities of less than 5,000.

"In reviewing the procedure followed by a municipal governing board in an annexation proceeding the question whether the municipality is *then providing* services pursuant to the plan of annexation is not before the court. Obviously, extension of services into an annexed area in accordance with the promulgated plan *is not a condition precedent to annexation." In re Annexation Ordinance, supra,* at 647, 180 S.E. 2d at 855. (Our italics.)

Petitioners' assignments of error do not comply with Rules 19(3) and 21 of the Rules of Practice in the Supreme Court, 254 N.C. 783 *et seq.,* as interpreted by this Court. *See State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970), and cases cited; *Burnsville v. Boone,* 231 N.C. 577, 579, 58 S.E. 2d 351, 353 (1950), and cases there cited; *Putnam v. Publication,* 245 N.C. 432, 96 S.E. 2d 445 (1957); *State v. Hamilton,* 264 N.C. 277, 288, 141 S.E. 2d 506, 514 (1965), and cases cited. However, we have elected to discuss what appear to be petitioners' major contentions.

I.

G.S. 160-453.15(3) provides that the report of plans for the extension of services to the area proposed to be annexed shall include the following:

"b. Provide for extension of major trunk water mains and sewer outfall lines into the area to be annexed so that when such lines are constructed, property owners in the area to be annexed will be able to secure public water and sewer service, according to the policies in effect in such municipality. for extending water and sewer lines to individual lots or subdivisions.

"c. If extension of major trunk water mains and sewer outfall lines into the area to be annexed is necessary, set forth a proposed timetable for construction of such mains and outfalls as soon as possible following the effective date of annexation. In any event, the plans shall call for contracts to be let and

construction to begin within 12 months following the effective date of annexation."

[2]    The plans provide for the construction of major trunk water mains and sewer outfall lines to serve the areas proposed to be annexed and for contracts to be let and construction to begin within one year from the effective annexation date. However, the plans did not otherwise set forth "a proposed time-table." The City's "proposed timetable" was provided in discovery proceedings. Even so, petitioners contend the annexation proceeding is defective because of the City's failure to include *the timetable* in the report of its plans for the extension of services to the areas proposed to be annexed. Suffice to say, there was ample basis for the court's finding "that the substantive rights of the petitioners have not been materially prejudiced by the absence from the Plan of a proposed timetable for the construction of major trunk water mains and sewer outfall lines that are to be extended into the area." *See In re Annexation Ordinances,* 253 N.C. 637, 644, 117 S.E. 2d 795, 800 (1961).

## II.

G.S. 160-453.15 (3) provides that the report of plans for the extension of services to the area proposed to be annexed shall include the following:

"a. Provide for extending police protection, fire protection, garbage collection and street maintenance services to the area to be annexed on the date of annexation on substantially the same basis and in the same manner as such services are provided within the rest of the municipality prior to annexation. If a water distribution system is not available in the area to be annexed, the plans must call for reasonably effective fire protection services until such time as waterlines are made available in such area under existing municipal policies for the extension of waterlines."

Petitioners challenge the sufficiency of the provisions in the plans for the extension of fire protection services to the areas to be annexed.

[3]    Each plan sets forth the City's plans to provide reasonable fire protection services from the date of annexation to the time when fire hydrants will be installed in the annexation area. Each plan involves the purchase and use of water tankers until fire hydrants can be installed and provision made for fire pro-

tection services comparable to those provided property within the existing city limits. There was ample basis for the court's finding that the plan for fire protection is adequate and will provide reasonably effective fire protection services to the area pending the completion of the City's effort to provide more complete fire protection.

### III.

G.S. 160-453.15(3) provides that the report of plans for the extension of services to the area proposed to be annexed shall include the following:

"d. Set forth the method under which the municipality plans to finance extension of services into the area to be annexed."

[4] Each plan sets forth the City's proposals with reference to the financing of the extension of services into the area to be annexed. Petitioners attack these plans because the City contemplates the use of certain federal funds in connection with such financing. No sound reason appears why such funds may not be used for these purposes. Nor does it appear the unavailability of these funds in whole or in part would prevent the City from extending its services into the annexed areas from its own general revenues. There was ample basis for the court's findings that the method set forth in the plans to finance extension of the services into the areas to be annexed constituted compliance with G.S. 160-453.15(3)d.

### IV.

[5] Petitioners contend the ordinances are defective because the services to be provided the areas being annexed are not set forth *in the ordinances.* We note that the petitions did not allege the ordinances were defective in this respect. Nor does it appear that any of the exceptions referred to in petitioners' assignments of error relate to this subject.

Nothing in the statute supports this contention. Nor is there support for petitioners' further contention that, absent incorporation in the ordinance, uncertainty exists as to the services the City is obligated to provide the area to be annexed. G.S. 160-453.17(e)(2) provides that "[a] statement of the intent of the municipality to provide services to the area being annexed as set forth in the report required by G.S. 160-453.15"

shall be included in the ordinance. Each ordinance provides: "*Sec. 3.* That it is the purpose and intent of the City of Charlotte to provide services to the area being annexed under this ordinance, as set forth in the report of plans for services approved by the City Council on the 6th day of November, 1972, and filed in the Office of the Clerk for public inspection." Thus, each ordinance identifies specifically the services to be rendered the area to be annexed. These are the plans which petitioners specifically challenged in their petition.

Whether the impact of annexation on any petitioner is greater or less than on any other owner of property in the area to be annexed does not appear.

G.S. 160-453.17(h) makes available to any person owning property in an annexed area a remedy by mandamus in the event the municipality has not followed through on its service plans adopted under the provisions of G.S. 160-453.15(3) and 160-453.17(e).

The statutory references herein are to sections of Part 3, Art. 36, Ch. 160, Volume 3D, Replacement 1972, of the General Statutes. We note that Parts 2 and 3 of Article 36, of Chapter 160, of the General Statutes as codified in Volume 3D, Replacement 1972, were recodified by Chapter 426 of the Session Laws of 1973 and now constitute Parts 2 and 3 of Article 4A of Chapter 160A.

The consolidation of two or more petitions for review in a single hearing referred to in G.S. 160-453.18(d) refers to the consolidation of two or more petitions which involve *a single* annexation area and ordinance. However, all parties have treated the three petitions as if properly consolidated for hearing in the court below. Suffice to say, no error prejudicial to petitioners results from such consolidation.

Petitioners having failed to show prejudicial error, each of the three judgments is affirmed.

Affirmed.