JAMES PETER KRITZER AND WIFE, CAROLINE T. KRITZER, HAROLD M. DeVOLT AND WIFE, FLORENCE L. DeVOLT, O. G. GARRETT AND WIFE, MARGARET F. GARRETT, PRIDE-TRIMBLE COR- PORATION, ALBERT WINFIELD, JACK F. CARTER, WILLIAM J. GRAHAM, JR. AND WIFE, MARTHA MOORE GRAHAM, GEORGE CARL LEWIS, JR. AND WIFE, PEGGY KINLAW LEWIS, FRED M. MORGAN AND WIFE, GENE H. MORGAN, ELEANOR WADE POE, RICHARD L. DANA AND WIFE, SANDRA O. DANA, CHESTER J. TERRELL AND WIFE, IRENE K. TERRELL, GEORGE D. AN- DERSON AND WIFE, CAROLYN B. ANDERSON AND HOWARD N. BUTLER v. TOWN OF SOUTHERN PINES, A MUNICIPAL CORPORA- TION

No. 7620SC879

(Filed 4 May 1977)

1. **Municipal Corporations § 2— oral resolution of notice of intent to annex**

   A resolution of notice of intent to consider annexation is not required by G.S. 160A-49(a) to be written.

2. **Municipal Corporations § 2— resolution of intent to annex — descrip- tion of lands**

   A resolution of notice of intent to consider annexation adequately described the lands under consideration for annexation where the oral resolution referred to the lands as "these areas," the uncontradicted evidence showed that "these areas" referred to areas clearly marked on maps which were before the town council when the resolution was offered, and the oral resolution thus incorporated by reference the descriptions of the lands contained in the maps.

3. **Municipal Corporations § 2— annexation study — timetable for sewer construction**

   An annexation study set forth a sufficient timetable for con- struction of sewer lines where it stated that construction would begin within twelve months of the effective date of annexation. G.S. 160A-47(3)(c).

APPEAL by petitioners from *Lupton, Judge.* Judgment en- tered 31 August 1976 in Superior Court, MOORE County. Heard in the Court of Appeals 14 April 1977.

On 17 June 1976 the Town of Southern Pines, having a population in excess of 5,000, adopted ordinances calling for annexation of areas in which petitioners live or own property. Pursuant to G.S. 160A-50 petitioners appealed to superior court for review of the annexation ordinances.

Kritzer v. Town of Southern Pines

Evidence presented at the hearing indicated that during the spring of 1976, the Town Manager of Southern Pines began an annexation study. When this study was completed, its findings were recorded in a document entitled "Annexation Study Phase II, Town of Southern Pines, Moore County, North Carolina, March 1976." The study included, among other information, the description of the land to be annexed and, also, the statement that if the Town proceeded with the proposed annexation construction of necessary sewer lines would begin before 30 June 1977. At the 13 April 1976 meeting of the Southern Pines Town Council, the Town Manager presented the annexation question to the Council, and they discussed the merits of the proposal and the desirability of adopting a resolution of notice of intent to consider annexation. During the Council's discussions, its members had before them the written annexation study and, also, a large map of the areas which were proposed for annexation. According to the testimony of the Town Council's members, they fully understood the boundaries and location of the land they proposed to consider annexing.

At the end of the meeting, the Council voted unanimously to adopt an oral resolution of the Council's intent to consider annexation of the land described in the study and displayed on the map. This resolution was made part of the minutes; however, it was not transcribed and signed by the Mayor until sometime after an annexation ordinance was adopted. Nor did the oral resolution describe the land by metes and bounds. Instead, the resolution said " . . . that we [the Town Council] adopt notice of intent to consider annexing *these areas* and call for a public hearing on the question for May 25, 1976 . . . [emphasis added]."

The following day a notice was placed in a Southern Pines newspaper informing the public that a hearing would be held on 25 May 1976 to consider the desirability of annexing certain land. The notice was prepared by the Town Manager's staff, and it contained a metes and bounds description of the land under consideration and also a map of the area. This description corresponded to those in the written study, and the map was a reproduction of the one which the Town Council had used. The notice was accurately reproduced in the newspaper, and an affidavit so stating was properly recorded.

At the public hearing the Town Manager presented the annexation proposal, and people in attendance spoke for and

against the proposal. Thereafter, on 17 June 1976, the Town Council voted to annex the land effective 30 June 1976.

Judgment entered in superior court affirmed the annexation ordinances. Petitioner appealed to this Court.

*James R. Van Camp, P.A., by James R. Van Camp, and Seawell, Pollock, Fullenwider, Robbins & May, P.A., by Bruce T. Cunningham, Jr., for petitioner appellants.*

*Brown and Pate, by W. Lamont Brown and W. Daniel Pate, for respondent appellees.*

ARNOLD, Judge.

Petitioners argue that certain proceedings of the annexation statutes, G.S. 160A-45, *et seq.*, were violated. They contend that the court erred in finding of fact number eight, and in conclusions of law numbers four and five. The finding of fact is as follows:

"8. On April 13, 1976, the Southern Pines Town Council adopted a motion signifying its Notice of Intent to consider the annexation of four (4) areas adjacent to . . . the Town of Southern Pines . . . , which areas the Court has determined were properly identified and the boundaries outlined in explanation of Annexation Study made by the Town Manager prior to the time said motion was made and adopted, clearly indicating on a map that was displayed on a screen visible to all members of the Council, and each area was outlined by pointer on said map by the Town Manager, and that the phrase in the motion, 'these areas,' was clearly shown to mean the areas considered for annexation as shown on the map, and testimony of each member of the Council showed that each of them understood that these were the areas, the boundaries of which were shown on the map, that were being considered for annexation and that the Notice of Intent being adopted had to do with those areas."

And, the conclusions of law say:

"4. That G.S. 160A-49 does not require that the Resolution of Notice of Intent to Consider Annexation of certain properly identified areas must be in writing or that the boundaries of the areas under consideration be set forth by

metes and bounds; that maps showing the boundaries are sufficient, and that in this case the maps showing the boundaries were sufficient to comply with the requirements of this section."

"5. That the action of the Town Council . . . in passing a resolution upon an oral motion and the recording of the action in the minutes, and therein making references to the areas as shown on the map showing the boundaries, complies with the provisions of the law since the evidence clearly shows that [each Council member had before him, and fully understood, the map showing the areas to be annexed]."

The petitioners argue that these findings and conclusions are contrary to G.S. 160A-49(a), which says:

"Any municipal governing board desiring to annex territory under the provisions of this Part shall first pass a resolution stating the intent of the municipality to consider annexation. Such resolution shall describe the boundaries of the area under consideration and fix a date for a public hearing on the question of annexation . . . . "

[1]    Petitioners insist that the resolution of notice of intent to consider annexation must be written. They cite no authority, and we are not convinced by their argument. The statute does not specifically require a written resolution; nor is such a requirement implicit in the fact that the resolution must describe the land under consideration.

[2]    Petitioners also argue that the Town Council's resolution did not adequately describe the lands under consideration for annexation. We find, however, that an adequate description was embodied in the resolution and that there was substantial compliance with the statute, G.S. 160A-49(a). The purpose of G.S. 160A-49(a) requiring the resolution stating the intent to consider annexation is to record the town board's decision and to mark the formal beginning of the municipality's actions. *Town of Hudson v. Town of Lenoir*, 279 N.C. 156, 181 S.E. 2d 443 (1971). This resolution expresses the intent of the governing board and it has little significance to the public. However, the public is significantly affected by the notice of the public hearing, which must be published in a newspaper, or by other means, and must contain a clear description of the land under consideration. G.S. 160A-49(b). By virtue of G.S. 160A-49(e)

the governing board is prohibited from annexing any land except that described in the notice of the public hearing.

An examination of the resolution reveals that while it does not explicitly describe the lands under consideration, or incorporate such a description by explicit reference, it does refer to the land as "these areas." Testimony by members of the Town Council revealed that "these areas" referred to areas clearly marked on maps which were before the Council when the resolution was offered. These maps were admitted into evidence at the hearing in superior court, and they were found to be authentic. Upon this finding the court concluded that such a map provided an adequate description of the land and that such a reference incorporated the description into the resolution.

We agree. The maps were before the Councilmen when they considered the resolution. Reference in the resolution to the maps is sufficient to show that the Council saw and understood the boundaries of the areas under consideration and that the members realized the significance of their action. While the description contained in the resolution may not have been clear to the general public, the oral resolution incorporating by reference the maps before the Town Council substantially complies with G.S. 160A-49(a). The rights of petitioners, and the general public, are protected by G.S. 160A-49(b) and G.S. 160A-49(e).

Petitioners' next argument is very similar to their first. Part of the annexation statute, G.S. 160A-47(3)(c), says:

"A municipality exercising authority under this Part shall make plans for the extension of services to the area proposed to be annexed and shall, prior to the public hearing . . . , prepare a report setting forth such plans to provide services to such area. The report shall include:

. . .

(3) A statement setting forth the plans of the municipality for extending to the area to be annexed each major municipal service performed within the municipality at the time of annexation. Specifically, such plans shall:

. . .

(c) . . . set forth a proposed timetable for construction of [water] mains and [sewer] outfalls as soon as

possible following the effective date of annexation. In any event, the plans shall call for contracts to be let and construction to begin within 12 months following the effective date of annexation."

[3]  Petitioners argue that Southern Pines did not comply with G.S. 160A-47(3)(c) because the annexation study failed to set forth a sufficient timetable for construction of sewer lines. The annexation report filed by the Town provided that "construction would begin" within twelve months of the effective date of annexation, and petitioners say this is not a sufficient timetable as required by the statute. This argument has been rejected before by our Supreme Court. *Dunn v. City of Charlotte,* 284 N.C. 542, 201 S.E. 2d 873 (1974); *see In re Annexation Ordinances,* 253 N.C. 637, 117 S.E. 2d 795 (1961). We find that the Town substantially complied with the requirements of G.S. 160A-47(3)(c).

Petitioners' remaining assignments of error relating to evidentiary rulings have been considered, and we find no prejudicial error in them.

The record shows substantial compliance with Chapter 160A of the General Statutes. Judgment of the trial court is

Affirmed.

Judges MORRIS and HEDRICK concur.