GAIL GARLAND AND HUSBAND, JOHN GARLAND, JR., MRS. L. C. WHITE, FLOYD C. WHITE AND WIFE, DOROTHY WHITE, LOUIS WHITE AND WIFE, MARY WHITE, MRS. IVORY ARMSTRONG AND GLENWOOD ASSOCIATES, A PARTNERSHIP v. CITY OF ASHEVILLE, A MUNICIPAL CORPORATION, ROY W. TRANTHAM, MAYOR OF THE CITY OF ASHEVILLE, F. JACK COLE, RALPH D. MORRIS, JR., NORMA PRICE, WALTER R. BOWLAND, HAROLD BROWNLEE, AND REV. H. C. WILKES, MEMBERS OF THE CITY COUNCIL OF THE CITY OF ASHEVILLE

No. 8228SC523

(Filed 2 August 1983)

1. **Municipal Corporations § 2.1— annexation ordinance—sufficiency of boundary description**

The description in an annexation ordinance and in the notice of hearing, together with tax and topographic maps referred to therein, provided a sufficient boundary description of the annexed area which could be ascertained on the ground. The fact that the description contained only approximate distances did not invalidate the ordinance where all points except the second referred to ascertainable monuments and every point in the description could be easily ascertained without the aid of exact distance measurements.

2. **Municipal Corporations § 2.3— annexation ordinance—topographic features as boundaries—use of contour rather than ridge lines**

The trial court did not err in finding that natural topographic features were used where practical to do so in fixing the boundaries of an annexed area because contour rather than ridge lines were used where the city council chose the contour lines as the boundary because the city could not furnish water beyond the elevation of 2,350 feet without extensive additional resources, and petitioners failed to show that it would have been more practical to use the ridge lines as a boundary.

APPEAL by respondent City of Asheville from *Jolly, Judge.* Judgment entered 30 January 1982 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 12 April 1983.

Petitioners instituted a proceeding to review annexation Ordinance 1217 adopted by the City of Asheville on 14 May 1981. The petition was served upon respondent by certified mail. Respondent made a special appearance in which it moved unsuccessfully to dismiss for insufficiency of process. The parties stipulated, prior to the hearing, that petitioners were owners of land within the area annexed by respondents under Ordinance 1217.

After hearing extensive evidence for petitioners, the trial court held that the annexation ordinance was invalid and void. From the order and judgment entered, respondent appealed.

*Long, Parker, Payne & Matney, by Robert B. Long, Jr. and Ronald K. Payne for petitioner-appellees.*

*Herbert L. Hyde and Redmond, Stevens, Loftin & Currie, by John S. Stevens and Thomas R. West for respondent-appellant.*

EAGLES, Judge.

For the reasons discussed in the concurring opinion to *In Re: Annexation Ordinance No. 1219 Adopted by City of Asheville, May 14, 1981*, 62 N.C. App. 588, 303 S.E. 2d 380 (1983), we find no merit in defendants' first assignment of error that service of process upon defendants was invalid.

[1] Respondent next contends that the trial court erred in its findings of fact and conclusions of law concerning the boundary description of the area annexed by Ordinance 1217. The boundary description in Ordinance 1217 and in the Notice of Hearing published pursuant to G.S. 160A-49(b) read:

BEGINNING at a point, said point being 10 feet west of the intersection of the western right-of-way margin of Chunns Cove Road (SR 2042) and the existing City Limit boundary of the City of Asheville as shown on Sheet 26, Ward 8 of the Tax Map as recorded in the Buncombe County Tax Supervisor's office as of July 7, 1980, said point also lying on the existing Asheville City Limit line; thence in a northerly direction following a line 10 feet west of the western right-of-way margin of Chunns Cove Road and running parallel to said right-of-way margin, a distance of approximately 1,400 feet to a point; thence crossing Chunns Cove Road in a northeasterly direction following a straight line a distance of approximately 60 feet to a point 10 feet north of the northern right-of-way margin of a private road; thence in an easterly and southeasterly direction following a line 10 feet north of the northern right-of-way margin of said private road, a distance of approximately 534 feet to the intersection of said private road right-of-way with the contour line identifying an elevation of 2,350 feet as depicted on a

topographic Map No. 36-32 of Buncombe County, compiled by Fairchild Aerial Survey, Inc., and updated by Piedmont Aerial Survey, Inc.; thence in a southerly direction following said contour line a distance of approximately 1,770 feet to the existing City Limit boundary; thence in a westerly direction following said City Limit line, a distance of approximately 1,595 feet to the point of BEGINNING.

As to that description the trial court found that

4. Notwithstanding the aforesaid "metes and bounds" description contained in the annexation ordinance, the Court finds that:

(a) The beginning point called for in the purported "metes and bounds" description is not ascertainable from either the description itself or by reference to the tax map mentioned in the description.

(b) The purported description contains only approximations as to distances and does not contain appropriate courses.

(c) The description used does not refer to monuments for approximate distances, the only reference to approximate distances being that they are to run from "point" to "point," which said points are not ascertainable in and of themselves.

(d) The first call, which runs in a "northerly direction," ten feet west of the right of way margin of Chunns Cove Road, cannot be located on the ground as a course, as such right of way is not shown on the tax map from which the "metes and bounds" description purportedly was drawn; also, such right of way has not been ascertained or granted pursuant to any proceeding to either the State or the City, and the prescriptive width of said right of way has not been ascertained by any proceeding.

(e) The second call in the "metes and bounds" description is not ascertainable.

(f) The third call contained in said "metes and bounds" description runs with the northern right of way margin of a "private road," a distance of approximately

534 feet. However, only 243.9 feet of the private road has an established right of way and no other established right of way exists of record as to said private road.

Based on those findings of fact the trial court concluded that

3. The description of the external boundaries of the property to be annexed contained in Ordinance No. 1217 substantially fails to comply with the requirement of a "metes and bounds" description of the property. Further, it substantially fails to comply with the requirement that the proposed boundaries be "clearly" described in the Notice of Hearing.

We are persuaded that the above description, together with the maps referred to, provided a boundary description which could be ascertained on the ground and that the trial court erred in its findings of fact and conclusions of law. "Reference in the resolution to the maps is sufficient to show that the Council saw and understood the boundaries of the areas under consideration and that the members realized the significance of their action. While the description contained in the resolution may not have been clear to the general public, the oral resolution incorporating by reference the maps before the Town Council substantially complies with G.S. 160A-49(a). The rights of petitioners and the general public, are protected by G.S. 160A-49(b) and G.S. 160A-49(e)." *Kritzer v. Town of Southern Pines*, 33 N.C. App. 152, 156, 234 S.E. 2d 648, 651 (1977); *see also Conover v. Newton*, 297 N.C. 506, 256 S.E. 2d 216 (1979).

The intersection of Chunns Cove Road (SR 2042) and the City of Asheville city limit line was clearly marked on both the Tax Map, Sheet 26, Ward 8, and on the Fairchild Aerial Survey, Inc. topographic Map No. 36-32, enabling petitioners to establish the western right-of-way and the beginning point of the boundary description. The testimony of Mr. Verl R. Emrick, Jr., Director of Planning for the City of Asheville since 1974, indicated that the tax map referred to in the description included the right-of-way in the total width of the road shown on that map. Similarly, the second point in the boundary description could be located by reference to both maps, although the description did not state a monument by which that point could be ascertained. The fourth point in the boundary description, found by following the north-

ern right-of-way margin of a private road, could be easily ascertained by reference to topographic Map No. 36-32. Although the established right-of-way may run only 243.9 feet of the 534 feet referred to in the description, as alleged by petitioners, the clear meaning of the description was to follow the line of the established right-of-way for the entire distance to the fourth point. Finally, the fact that the description contained only approximate distances was not enough to invalidate the annexation ordinance, since every point in the description could be easily ascertained without the aid of exact distance measurements. All points, except the second point, referred to ascertainable monuments. As we have indicated above, the second point was ascertainable without reference to such a monument.

Since we hold that the boundary description was sufficient for the purposes served by the Notice of Hearing and for Ordinance 1217, we need not address respondent's assignment of error questioning the trial court's power to invalidate and void annexation Ordinance 1217.

[2] The superior court found that respondents followed natural and topographic features where practical to do so when fixing the boundaries of the area annexed. Petitioners assigned error to this finding, suggesting that the more readily ascertainable ridge lines should have been used instead of the contour line to delineate the boundary of the annexed area. G.S. 160A-48(e) provides that

> (e) In fixing new municipal boundaries, a municipal governing board shall, wherever practical, use natural topographic features such as ridge lines and streams and creeks as boundaries, and if a street is used as a boundary, include within the municipality land on both sides of the street and such outside boundary may not extend more than 200 feet beyond the right-of-way of the street.

In order to establish noncompliance with that statute, petitioners must show that 1) the boundary of the annexed area does not follow natural topographic features and 2) it would have been practical for the boundary to follow such features. See *Greene v. Town of Valdese*, 306 N.C. 79, 291 S.E. 2d 630 (1982). Even assuming *arguendo* that contour lines are not natural topographic features, we must uphold the trial court's finding because peti-

tioners have failed to meet their burden of proof as to the second requirement.

We agree with respondent that the language of G.S. 160A-48(e) implies that there are circumstances where the use of natural topographic features, such as ridge lines, would not be appropriate. Here, respondent chose the contour line as the boundary, rather than the ridge line, because the City could not furnish water beyond the elevation of 2,350 feet without extensive additional resources. Petitioners have failed to show that it would have been more practical to use the ridge lines as a boundary. We find no merit to their cross-assignment of error.

For the above reasons we must reverse and remand the order and judgment below.

Reversed and remanded.

Judges WELLS and BECTON concur.