RALEIGH G. KNIGHT, DOROTHY M. KNIGHT, DEAN H. WEBER, DOROTHY J. WEBER, WALTER BAKER, BARBARA BAKER, SARAH BOOKE, EDWARD W. MANNING, MARY W. MANNING, WILLIAM J. FARROW, LOUISE I. FARROW, RAY L. JERNIGAN, SARAH M. JERNIGAN, RALPH F. BAREFOOT, FRANCES M. BAREFOOT, WILLIAM JUDSON MOORE, PAULINE MOORE, SARAH C. GRAY, DAVID PRIVETTE, SANDRA PRIVETTE, JAMES M. GOODRUM, LEE IDA SHERRON, LESTER ROBINSON, WILLIAM P. BEAL, JAMES BRIDGERS, CHRISTINE BRIDGERS, JAMES MATTHEWS, JUDY MATTHEWS, NORA PETERSON, LILLIAN MATTHEWS, HARRY THOMAS, JUDY THOMAS, NORMAN R. SPENCER, RUBY A. COTTLE, META M. GREET, EMMETT H. HALE, JUANITA C. HALE, WILLIAM R. BYRD, EMILY R. BYRD, RUSH D. LAFON, GENEVA B. LAFON, PAUL W. HUNGERFORD, SR., LEAH H. HUNGERFORD, JOHN R. NETTLES, DARLA B. NETTLES, TRAVERSE F. WOOSTER, MARIE E. WOOSTER, A. H. BISHOP, BONNIE BISHOP, R. H. SHEPHERD, JR., EDNA SHEPHERD, HARRIET SCHWARZENBACK, CARLSON ROWE, VITA ROWE, CHRISTINE BURTON, ALBERT R. COOKE, MABLE T. COOKE, GEORGE GILGO, EVELYN GILGO, HARRY KROKER, THELMA K. CANADY, LACY C. WOODCOCK, HATTIE LEE RIVENBARK, DEWEY L. BORDEAUX, RUTH SEEGER, BETTY INGRAM, JACK HART, THELMA H. BAGWELL, MARVIN BEALE, RUBY Q. BEALE, ELINOR HAINES, W. E. BLACKBURN, INEZ BLAKE, NELLIE W. REAVES, MARGARET COOPER, NANCY BOWDEN, ROBIN BOREMAN, S. A. BABSON, BONNA BELL, JUANITA WALSH, GEORGE CURTIS, JAMES McGOWAN, ODILE McGOWAN, GUY BRAXTON, FLORENCE BRAXTON, BRUCE BENOIT, MARION BENOIT, DAVID WITTMER, CONNIE WITTMER, COLON KENNETH, JESSIE JOHNSON, ADA HOBBS, CARL WELKER, FREDERICK WILLIAM DORTCH, JR., ROBERT A. HODGES, CLARA M. HODGES v. CITY OF WILMINGTON

No. 845SC381

(Filed 5 March 1985)

**1. Municipal Corporations § 2.6— provision of services to annexed area**

 In an action challenging an annexation ordinance, the City was not required to extend services in the annexed area as a condition precedent to annexation; moreover, evidence was presented that the City had taken steps to implement its plans, including the purchase of a fire tanker and pumper, the inclusion of funds in the budget for capital expenditures for water and sewer in the annexed area, and the letting of contracts leading towards the construction of water and sewer lines. Petitioners did not present any evidence that funding for fire protection was inadequate, a deed restriction cited by petitioners limiting the use of property on which a fire station had been proposed had expired, and petitioners did not show that the planned addition of three police officers would be inadequate or that they would be injured by the addition of only three additional personnel. G.S. 160A-47.

**2. Municipal Corporations § 2.3— annexation—topographic features as boundaries —use of creek impractical**

   In an action challenging an annexation, petitioners failed to show non-compliance with G.S. 160A-48(e), which requires the use of natural topographic features wherever practical in setting boundaries, where petitioners did not show that it would have been practical for the boundary lines to follow a creek, and where the court found that the use of the creek as a boundary would require an additional sewage pumping station and use of additional resources.

**3. Municipal Corporations § 2- annexation statutes—constitutional**

   G.S. 160A-56, which exempts certain counties from Part 3 of Chapter 160A, does not violate the equal protection clause of Section 19, Art. I of the North Carolina Constitution.

APPEAL by petitioners from *Cornelius, Judge.* Judgment entered 24 August 1983 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 30 November 1984.

On 23 November 1982, the City Council of the City of Wilmington (hereinafter the "City") adopted a resolution expressing its intent to annex an area consisting of 1,043 acres commonly known as "Area B." Pursuant to G.S. 160A-47, the City prepared a report setting forth its plans to provide certain services, including fire and police protection, to Area B. On 21 February 1983, the City enacted an annexation ordinance, to become effective 1 January 1984, which added Area B to the corporate limits of the City. Within thirty days after the enactment of the ordinance, petitioners brought this action in New Hanover Superior Court challenging the ordinance. Following a trial without a jury, Judge Cornelius made findings of fact and conclusions of law and affirmed the ordinance. Petitioners appeal.

*Burney, Burney, Barefoot, Bain & Crouch, by Auley M. Crouch, III, for petitioner appellants.*

*Thomas C. Pollard, City Attorney, and Anthony Fox, Assistant City Attorney, for respondent appellee City of Wilmington.*

JOHNSON, Judge.

The questions presented by this appeal concern the adequacy of the City's plans for extending fire and police protection into the annexed area, the establishment of a new boundary line, and

the constitutionality of G.S. 160A-56. For the following reasons, we affirm the judgment of the New Hanover Superior Court.

Under G.S. 160A-50(f), a party challenging an annexation action of a governing body must show (1) that the statutory procedure was not followed, or (2) that the provisions of G.S. 160A-47 were not met, or (3) that the provisions of G.S. 160A-48 were not met. *In re Ordinance of Annexation No. 1977-4*, 296 N.C. 1, 249 S.E. 2d 698 (1978). The party challenging the ordinance has the burden of showing error. *Id.*

[1] Petitioners first challenge the adequacy of the City's plans to provide fire and police protection under G.S. 160A-47. They contend that the City's plans do not support a conclusion that the City has "committed" itself to providing fire and police protection to the annexed area on a nondiscriminating level. They appear to argue that the City must have taken steps to implement plans. Such is not the law. As the Supreme Court stated in *In re Annexation Ordinance Adopted by the City of New Bern*, 278 N.C. 641, 647, 180 S.E. 2d 851, 855 (1971), "the question whether the municipality is then providing services pursuant to the plan of annexation is not before the court" and the "extension of services into an annexed area in accordance with the promulgated plan is not a condition precedent to annexation." If the service plans have not been implemented within the statutory period, an aggrieved party may seek a writ of mandamus under G.S. 160A-49(h). *Id.* Regardless, evidence was presented that the City had already taken steps to implement its plans, including the purchase of a fire tanker and pumper for extending fire protection services into the annexed area, the inclusion of funds in the 1983-84 budget of the City for capital expenditures for water and sewer in the annexed area, and the letting of contracts leading towards the construction of water and sewer lines into the area.

In support of their arguments that the City has made inadequate commitments, petitioners cite, with regards to fire protection: (1) the annexation report's proposal to construct a fire station adjacent to the clubhouse of the Wilmington Municipal Golf Course, which is located in the annexed area, despite a deed restriction limiting the use of the property to use as a golf course; (2) allegedly inadequate funding for the acquisition of land and furnishing of fire protection; (3) the lack of provisions for a tem-

porary fire station; and (4) the expected average response time of four minutes within the annexed area exceeded the average response time elsewhere in the City of 3.1 minutes. We deal with each of these seriatim: (1) The deed restriction to which petitioners refer had expired by its own terms. (2) Petitioners did not present any evidence that the funding was inadequate. (3) The trial court's findings of fact, which we find to be supported by competent evidence and therefore binding, *Humphries v. City of Jacksonville*, 300 N.C. 186, 265 S.E. 2d 189 (1980), indicate that the City has already purchased a tanker truck and pumper for the area, and that the tanker truck would be used until water distribution lines and hydrants are installed. A similar plan was upheld by the Supreme Court in *Dunn v. City of Charlotte*, 284 N.C. 542, 201 S.E. 2d 873 (1974). (4) We rejected a similar contention in *In re Durham Annexation Ordinance*, 66 N.C. App. 472, 311 S.E. 2d 898, *disc. rev. denied*, 310 N.C. 744, 315 S.E. 2d 701 (1984). The reasoning applied in that case applies with equal force to the present case.

With regard to police protection, petitioners submit that the addition of only three additional police officers to the police department to help serve the 2,700 residents of the annexed area, when the City presently had 2.11 full time police officers per 1,000 inhabitants, did not constitute an adequate commitment to provide police protection. We disagree. Several plans have been approved by appellate courts in which the plans made no provisions for the hiring of additional personnel. *See In re City of Durham Annexation Ordinance*, 69 N.C. App. 77, 316 S.E. 2d 649, *disc. rev. denied*, 312 N.C. 493, 322 S.E. 2d 553 (1984); *In re Annexation Ordinance Adopted by the City of Jacksonville*, 255 N.C. 633, 122 S.E. 2d 690 (1961); *Williams v. Town of Grifton*, 19 N.C. App. 462, 199 S.E. 2d 288 (1973). Petitioners have failed to show that the addition of three personnel would be inadequate or that they would be injured by the addition of only three additional personnel. *See In re City of Durham Annexation Ordinance*, 69 N.C. App. 77, 316 S.E. 2d 649, *disc. rev. denied*, 312 N.C. 493, 322 S.E. 2d 553 (1984). We therefore conclude that petitioners have failed to show that the City has not complied with G.S. 160A-47.

[2] Petitioners' next contention is that the City failed to comply with G.S. 160A-48(e) when it fixed the southern boundary of the

annexation to run along Greenville Loop Road rather than farther south along Hewlett's Creek. G.S. 160A-48(e) provides:

> In fixing new municipal boundaries, a municipal governing board shall, wherever practical, use natural topographic features such as ridge lines and streams and creeks as boundaries, and if a street is used as a boundary, include within the municipality land on both sides of the street and such outside boundary may not extend more than 200 feet beyond the right-of-way of the street.

Thus, in order to show non-compliance with G.S. 160A-48(e), petitioners have to show that (1) the boundary chosen does not follow natural topographic features and (2) it would have been practical for the boundary to follow such natural topographic features. *Greene v. Town of Valdese*, 306 N.C. 79, 291 S.E. 2d 630 (1982); *Garland v. City of Asheville*, 63 N.C. App. 490, 305 S.E. 2d 66, *disc. rev. denied*, 309 N.C. 632, 308 S.E. 2d 715 (1983). There was a conflict in the evidence as to whether Greenville Loop Road followed a natural topographic feature. Nevertheless, petitioners have failed to show that it would be practical for the boundary lines to follow Hewlett's Creek. The evidence showed, and the trial court found, that the use of Hewlett's Creek as a boundary would have required the addition of a new sewage pumping station, and the use of additional resources. *See Garland v. City of Asheville, supra; see also* Report of the Municipal Government Study Commission (1959).

[3] Petitioners' remaining contention is that G.S. 160A-56, which exempted certain counties from Part 3 of Chapter 160A,[1] violates the equal protection clause of Section 19, Article I of the North Carolina Constitution. We rejected an identical contention in *Campbell v. City of Greensboro*, 70 N.C. App. 252, 319 S.E. 2d 323, *disc. rev. denied*, 312 N.C. 492, 322 S.E. 2d 553 (1984).

For the foregoing reasons, the judgment of the superior court is

---

1. G.S. 160A-56 was repealed by 1983 Session Laws, c. 636, s. 27, effective to all annexations where resolutions of intent were adopted on or after 29 June 1983. 1983 Sess. Laws, c. 636, s. 38.

Affirmed.

Judges WHICHARD and PHILLIPS concur.