ARCHIE Y. BARNHARDT AND CARLENE F. BARNHARDT; WILLIAM E. HOWARD AND SARAH P. HOWARD; JAMES RONNIE SHERRILL AND SYLVIA MANN SHERRILL; CHARLES K. UMBERGER; AND THE HEIRS OF C. J. GOODMAN, DECEASED; PLAINTIFFS v. CITY OF KANNAPOLIS, A MUNICIPAL CORPORATION, DEFENDANT

No. 9319SC664

(Filed 6 September 1994)

1. **Municipal Corporations § 96 (NCI4th)— involuntary annexation—notice of public hearing—form for requesting extension of water and sewer lines**

   A city was not required by N.C.G.S. § 160A-47(3)(b) to provide to owners of property being involuntarily annexed, as a part of the mailing of notice of the public hearing on annexation, a form for requesting the extension of water and sewer lines to their property or notice of their right to request such a form.

   **Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 55 et seq.**

2. **Municipal Corporations § 123 (NCI4th)— compliance with annexation statutes—challenge time barred**

   A claim by owners of involuntarily annexed property that defendant city was statutorily required, without request, to provide them with a form for the extension of water and sewer lines and notice that they could request such extensions was a chal-

BARNHARDT v. CITY OF KANNAPOLIS

[116 N.C. App. 215 (1994)]

lenge to the city's compliance with statutory annexation provisions and was barred by the 30-day limit set forth in N.C.G.S. § 160A-50(a) where the complaint was filed more than three years after the annexation ordinance was adopted and more than two years after its effective date.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 74 et seq.**

**Proper remedy or procedure for attacking legality of proceedings annexing territory to municipal corporation. 18 ALR2d 1255.**

3. **Municipal Corporations § 105 (NCI4th)— annexation— water and sewer services—disputed lines on maps**

There was plenary evidence in the record to support the trial court's findings that disputed lines on proposed water and sewer maps in an annexation report did not represent water and sewer lines proposed for construction as a part of the plan for providing services upon annexation but were city boundary lines, and that the city thus did not fail to install water mains and sewer trunks in substantial conformity with maps it had prepared pursuant to N.C.G.S. § 160A-47(1)(b).

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 55 et seq.**

Appeal by plaintiffs from judgment entered 4 March 1993 by Judge Howard R. Greeson, Jr., in Cabarrus County Superior Court. Heard in the Court of Appeals 22 March 1994.

By Annexation Ordinance adopted 27 June 1988 and effective 30 June 1989, defendant City of Kannapolis annexed certain areas into its corporate limits. Plaintiffs, all of whom own property within the areas annexed, commenced this action on 29 August 1991, alleging that defendant had failed to provide municipal water and sewer services as required by its annexation plan and by statute. Plaintiffs sought (1) a writ of mandamus to require defendant to provides services, (2) tax relief, and (3) compensatory damages. Defendant denied the material allegations of the complaint and asserted, as an affirmative defense, plaintiffs' failure to timely file their claim. After a bench trial, the trial court made findings of fact, conclusions of law, and entered judgment in favor of defendant, dismissing plaintiffs' complaint. Plaintiffs appealed.

BARNHARDT v. CITY OF KANNAPOLIS

[116 N.C. App. 215 (1994)]

*Law Offices of William L. Mills, III, by William L. Mills, III, and William G. Hamby, Jr., for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., and Rutledge, Friday, Safrit & Smith, by Walter M. Safrit, II, for defendant-appellee.*

MARTIN, Judge.

Plaintiffs contend on appeal that the trial court erred in granting judgment in favor of defendant because (1) defendant was obligated but failed to provide plaintiffs with reasonable, timely notice that they had the right to require the extension of water and sewer lines to their involuntarily annexed properties, and because (2) defendant failed to install water mains and sewer trunks in substantial conformity with representations made on annexation maps prepared to comply with G.S. § 160A-47(1)(b). We affirm the judgment of the trial court.

Judicial review of an annexation ordinance is limited to determining whether the annexation proceedings substantially comply with the requirements of the applicable annexation statute. *Food Town Stores v. City of Salisbury*, 300 N.C. 21, 265 S.E.2d 123 (1980). Absolute and literal compliance with the statute is unnecessary because it would result in defeating the purpose of the statute in situations where no one has been or could be misled. *In re Annexation Ordinance*, 278 N.C 641, 180 S.E.2d 851 (1971). Mere adverse effect upon financial interests of a property owner is not grounds for attacking annexation proceedings. *Cockrell v. City of Raleigh*, 306 N.C. 479, 293 S.E.2d 770 (1982). The party challenging the ordinance has the burden of showing error. *Knight v. City of Wilmington*, 73 N.C. App. 254, 326 S.E.2d 376 (1985). On appeal, the findings of fact made below are binding on the Court of Appeals if supported by the evidence, even when there may be evidence to the contrary. *Humphries v. City of Jacksonville*, 300 N.C. 186, 265 S.E.2d 189 (1980). However, conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal. *Id.*

[1] Plaintiffs argue first that defendant failed to comply with G.S. § 160A-47(3)(b) which provides that:

A municipality . . . shall make plans for the extension of services to the area proposed to be annexed and shall, prior to the public hearing provided for in G.S. 160A-49, prepare a report setting forth such plans . . . . The report shall include:

(3) A statement setting forth the plans of the municipality for extending to the area to be annexed each major municipal service performed within the municipality at the time of annexation. Specifically, such plans shall:

. . .

b. Provide for extension of major trunk water mains and sewer outfall lines into the area to be annexed . . . according to the policies in effect in such municipality for extending water and sewer lines to individual lots or subdivisions. If requested by the owner of an occupied dwelling unit or an operating commercial or industrial property in writing on a form provided by the municipality, which form acknowledges that such extension or extensions will be made according to the current financial policies of the municipality for making such extensions, and if such form is received by the city clerk not less than 30 days before adoption of the annexation ordinance, [such plans shall] provide for extension of water and sewer lines to the property or to a point on a public street or road right-of-way adjacent to the property according to the financial policies in effect in such municipality for extending water and sewer lines. If any such requests are timely made, the municipality shall at the time of adoption of the annexation ordinance amend its report and plan for services to reflect and accommodate such requests.

Plaintiffs contend that G.S. § 160A-47(3)(b) should be construed to require defendant to provide the form described therein as a part of the G.S. § 160A-49(b) mailing, which provides notice of the public hearing on the question of annexation.

The trial court made the following pertinent conclusions of law:

3. The City policy requiring property owners to pay for the cost of water and sewer line extensions from their property to major mains complies with the relevant provisions of N.C.G.S. § 160A-47 since the policy is the same as that which existed within the City prior to the annexation.

4. N.C.G.S. § 160A-47(3)(b) does not require the City to provide notice to the property owners that they may request a form providing for extension of lines to their property in accordance with the financial policies of the City. In the absence of a request the City is not required to provide forms to property owners to be

BARNHARDT v. CITY OF KANNAPOLIS

[116 N.C. App. 215 (1994)]

used to request extensions from their property to a major main in accordance with the City financial policies for such extensions. Further, a claim that the City failed to follow proper annexation procedures by not providing the plaintiffs with notice of entitlement to a form for extending water and sewer lines pursuant to City policies was barred by the provisions of N.C.G.S. § 160A-50(a) which requires actions contesting the annexation procedure to be brought within thirty (30) days of the passage of the annexation ordinance. Still, further, attacks on the annexation procedure based upon due process or equal protection claims are limited to claims of racial discrimination which do not exist here.

5. The failure of the City to provide the plaintiffs with notice of entitlement to a form, or a form, for requesting water or sewer extension in accordance with City policies has caused the plaintiffs no harm inasmuch as the plaintiffs' ability to extend lines to their property in accordance with the City policy for such extensions existed at the time of annexation and at all times thereafter, even today. The plaintiff[s] cannot be entitled to greater benefits by not having requested and filed a form than they would have received had they requested and filed a form. The Court is without authority to order the City to construct lines from the plaintiffs' property to the major water and sewer lines at the City's expense when the policy within the City at the time of annexation required such extensions to be made at the expense of the property owner.

A city must stand ready to provide services to newly annexed areas on substantially the same basis and in the same manner in which these services are provided to the rest of the city. *Davidson County v. City of High Point*, 321 N.C. 252, 362 S.E.2d 553 (1987); *Wallace v. Town of Chapel Hill*, 93 N.C. App. 422, 378 S.E.2d 225 (1989) (where plaintiffs offered no evidence from which the trial or appellate courts could ascertain that a twelve-inch water extension was a "major water main," and the policy requiring these petitioners to pay for the cost of water line extensions to their property was consistent with the policy of water line extensions within the pre-existing municipal limits, the trial court did not err in concluding that the town had substantially complied with all of the relevant provisions of G.S. § 160A-47).

G.S. § 160A-47(3)(b) requires, as a prerequisite to annexation, that the annexation plan provide for the extension of water and sewer lines to the annexed property "[i]f **requested** by the owner . . . in

writing on a form provided by the municipality, which form acknowledges that such extension . . . will be made **according to the current financial policies of the municipality for making such extensions** . . . ." (Emphasis added). However, the statute contains no requirement that the City provide such forms absent a request from a property owner. Moreover, G.S. § 160A-49, which specifically describes the "Procedure for annexation" and the information that is required to be provided to residents of an area to be annexed, does not require that the City furnish the form described in G.S. § 160A-47 without a request.

If statutory language is clear and unambiguous, judicial construction is unnecessary and the plain and definite meaning of the statute controls. *McGladrey, Hendrickson & Pullen v. Syntek Finance Corp.*, 330 N.C. 602, 411 S.E.2d 585 (1992). Courts are without authority to add provisions not contained in the statute. *State v. Camp*, 286 N.C. 148, 209 S.E.2d 754 (1974). Had the legislature intended to include a requirement that a municipality provide such forms to property owners absent a request, it could have done so. *Alford v. Shaw*, 327 N.C. 526, 398 S.E.2d 445 (1990).

**[2]** Furthermore, the trial court correctly concluded that to the extent plaintiffs claim that defendant did not follow the prerequisites to annexation prescribed by G.S. § 160A-47(3)(b), such claims are time barred. G.S. § 160A-50 provides in part:

(a) Within 30 days following the passage of an annexation ordinance under authority of this Part, any person owning property in the annexed territory who shall believe that he will suffer material injury by reason of the failure of the municipal governing board to comply with the procedure set forth in this Part or to meet the requirements set forth in G.S. 160A-48 as they apply to this property may file a petition in the superior court of the county in which the municipality is located seeking review of the action of the governing board.

. . .

(f) . . . The court may hear oral arguments and receive written briefs, and may take evidence intended to show either

(1) That the statutory procedure was not followed, or

(2) That the provisions of G.S. 160A-47 were not met, or

(3) That the provisions of G.S. 160A-48 have not been met.

Plaintiffs' contention that G.S. § 160A-47(3)(b) required defendant to provide them with a form and notice that they could request sewer and water line extensions was a challenge to defendant's compliance with the provisions of G.S. § 160A-47 and was consequently time barred since the complaint in this action was not filed until more than three years after the annexation ordinance was adopted and more than two years after its effective date. Statutes of limitation are inflexible and unyielding and operate without regard to the merits of a cause of action. *Estrada v. Burnham*, 316 N.C. 318, 341 S.E.2d 538 (1986).

As noted by the trial court, plaintiffs' due process or equal protection challenge to defendant's annexation procedures is specifically foreclosed. *Baldwin v. City of Winston-Salem*, 544 F.Supp. 123 (M.D.N.C. 1982), *affirmed*, 710 F.2d 132 (4th Cir.), *cert. denied*, 464 U.S. 1012, 78 L.Ed.2d 716 (1983). Attacks upon state annexation procedures which rest on due process or equal protection claims are confined to claims of alleged racial discrimination. *Texfi Industries v. City of Fayetteville*, 301 N.C. 1, 269 S.E.2d 142 (1980). No such challenge is presented by the case before us.

[3] Plaintiffs' second contention on appeal is that defendant failed to install water mains and sewer trunks in substantial conformity with maps which it prepared pursuant to G.S. § 160A-47(1)(b). As part of the report required by G.S. § 160A-47, defendant prepared four maps including both a Proposed Sewer System Map and a Proposed Water System Map. The notice of public hearing on the proposed annexation stated that a copy of the maps and Annexation Report would be available for public inspection at the office of the City Clerk for at least thirty days before the public hearing. The legend on the maps indicates that the designations for both the proposed water mains and sewer lines is a solid line. Plaintiffs argue that both maps show water and sewer lines proposed for construction along U.S. Highway 29, between a bridge or culvert south of Mt. Olivet Road and the south bound access ramp to Interstate Highway 85, and that defendant has failed to install the lines.

Defendant offered evidence tending to show that the lines on the maps to which plaintiffs refer do not represent proposed water and sewer lines but were, in fact, simply the city boundary lines. Defendant's evidence was to the effect that when the draftsman placed the city's boundary line on the maps in the center of U.S. 29, the bound-

ary lines for U.S. 29 and the boundary line for the city coincided to form a solid line at the point in question.

The trial court found, *inter alia*:

8. The four annexation maps were prepared by using a base map of the City which had existed for several years . . . . The base map from which the others were prepared showed the City limits in the middle of U.S. 29 at the U.S. 29 point in question causing it to be a solid line. That solid line was on the base map from which the others were prepared, and was also on each of the four maps referred to herein, including the maps that contained no water or sewer mains.

9 . . . . The solid lines which the City intended to represent new water lines have a number beside them representing the size of the proposed water line, but the solid line at the U.S. 29 point in question has no number designating a size.

10 . . . . Each of the solid lines intended to be a new sewer line has a number beside it designating the size of the line, but there is no size by the solid line formed by the City limits boundary being placed in the middle of U.S. 29 at the U.S. 29 point in question.

. . .

13. No plaintiff ever made an inquiry of any City official as to whether the solid line represented by the City boundary being drawn between the lines representing U.S. 29 at the U.S. 29 point in question, and appearing on all four maps . . . , and showing no size (when the other water and sewer lines on the water and sewer maps showed a size) constituted a proposed water and sewer line.

14. The Annexation Area Services Plan portion of the Annexation Report contains a section on water and sewer services and shows . . . the plan for service to annexed areas . . . and an estimate for Phase I construction costs . . . for new water line construction to be zero, and the estimated sewer line cost to be $134,400. The plan for service to annexed areas provides that "the City does not immediately plan to duplicate or assume service responsibility for those areas presently served by others," and thus the Annexation Report shows no planned expenditures for new major water mains. The planned expenditures for new major sewer lines in Annexation Area E have been spent, but no funds were intended

or have been spent for new water mains to duplicate existing mains.

15. The City never intended the solid line caused by the City boundary being in the center of U.S. 29 at the U.S. 29 point in question to be a major water or sewer main because: no engineering plans to provide a water or sewer line at that point were ever prepared; no money was placed in the annexation plan for the cost of a water or sewer line at that point; the placing of a major water main at the U.S. 29 point in question would constitute placing two major water mains adjacent to one another; no designation of a line size was placed by that solid line on either the proposed water or proposed sewer maps; a line in the center of U.S. 29 at the U.S. 29 point in question would be a considerable cost to the City, would not serve anyone, and would not be feasible as it would not be a reasonable means of serving anyone. Major mains are already available to plaintiffs' properties; construction at that point is impractical from a construction standpoint; and, the City would have to seek state approval in order to put a water or sewer main in the center of U.S. 29 at the U.S. 29 point in question and never sought such approval (getting approval would be extremely unlikely and probably impossible). Further, substantially all the property on the west side of the road is a cemetery and all the property on the east side of the road is already served by water and sewer lines.

16. Neither a water or sewer line at the U.S. 29 point in question would benefit the plaintiffs' property unless the plaintiffs are willing to construct at their own expense lines to get from their property to such lines at the U.S. 29 point in question, and the plaintiffs have not indicated a willingness to do so . . . .

. . .

19. Plaintiff Howard appeared at the annexation public hearing and advised that he opposed it since a pumping station would be needed to get service from his property to any major water or sewer main. Mr. Howard did not review the Land Use map or the Annexation Areas map, and did not take note of the fact that a number appeared by the proposed water and sewer lines on the proposed water and sewer maps representing a line size whereas no such numbers appeared by the solid line created by placing the City limits line in the center of U.S. 29 at the U.S. 29 point in question. Also, he did not review the Service Plan which showed

that the City did not intend to duplicate existing services and thus did not intend to add any new water mains at the U.S. 29 point in question as demonstrated by the fact that no funds were included for such a water main. He did not make any inquiry as to whether the solid line formed by the U.S. 29 lines and the city limits line merging constituted water or sewer lines. He did not consider the solid line at the U.S. 29 point in question to be both water and sewer but only sewer, even though it was the same on both the water and sewer map.

20. Plaintiff Barnhardt did not review the Service Plan or any of the annexation maps or attend the public hearing on annexation. Mr. Barnhardt did not even own property within Annexation Area E at the time of the annexation. Mr. Barnhardt did not request a form showing a desire to have water and sewer extensions to his street in accordance with City policies.

21. No testimony was offered by any plaintiff other than Mr. Howard and Mr. Barnhardt.

22. Many citizens within the limits of Kannapolis did not have water or sewer in the street in front of their property at the time of the annexation of Area E.

23. Area E was treated the same, insofar as water and sewer policy is concerned, as the area within the city limits prior to annexation. The same policies applied.

24. The City has provided all services called for in the Annexation Report.

The trial court made the following conclusion of law applicable to the issue:

2. The plaintiffs have failed to carry the burden of proving that the solid line formed by the merger of the City boundary of U.S. 29 at the U.S. 29 point in question was intended as a major water or sewer main in the annexation plans, or that the plaintiffs would be injured if a major water or sewer main were not constructed at the U.S. 29 point in question.

While plaintiffs direct us to evidence which might support contrary findings, there was plenary evidence in the record to support the trial court's findings that the disputed lines did not represent water and sewer lines proposed for construction as a part of the plan for providing services upon annexation. It is well established that where

the trial court sits without a jury, the court's findings of fact are conclusive if supported by competent evidence, even though other evidence might sustain contrary findings. *In re Estate of Trogdon*, 330 N.C. 143, 409 S.E.2d 897 (1991).

The judgment of the trial court is affirmed.

Affirmed.

Judges EAGLES and McCRODDEN concur.