STEVEN WAYNE HARGETT o/b/o MIA KENDALL HARGETT, Plaintiff,
v.
DAVID ALEXANDER SCHULZ, Defendant.
No. COA09-291.
Court of Appeals of North Carolina.
Filed: February 16, 2010.
This case not for publication
No brief filed by Plaintiff-Appellee.
Kenneth A. Swain, for Defendant-Appellant.
WYNN, Judge.
When a trial court sits without a jury, the court's findings of fact are conclusive if supported by competent evidence.[1] Here, Defendant argues that the trial court erroneously determined that he sent a threatening letter to Plaintiff's home. Because the trial court's lone factual determination was not supported by competent evidence, we reverse the trial court's order.
On 7 October 2008, Plaintiff, Steven Wayne Hargett, filed a complaint on behalf of his minor daughter, seeking a no contact order against Defendant, David Alexander Schulz. In the complaint, Plaintiff alleged that Defendant sent him a letter threatening his daughter and fired a gun through a window in Plaintiff's home. Defendant denied Plaintiff's allegations in an answer filed 21 October 2008.
After a hearing on 7 November 2008, the trial court found that Plaintiff suffered unlawful conduct by Defendant when the latter engaged in "sending a letter to plaintiff threatening to kill plaintiff's minor child if plaintiff did not move out of house, separate from his wife, and file for Divorce." Based on its factual findings, the trial court issued an order prohibiting Defendant from entering Plaintiff's residence or visiting the school attended by Plaintiff's daughter.
While the Defendant has several assignments of error, the essence of Defendant's argument is that the trial court's factual finding was not supported by competent evidence. We agree with Plaintiff's contention.
"[W]here the trial court sits without a jury, the court's findings of fact are conclusive if supported by competent evidence, even though other evidence might sustain contrary findings." Barnhardt, 116 N.C. App. at 224-25, 447 S.E.2d at 477. "Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated." Jackson v. Culbreth, ___, N.C. App. ___, ___, 681 S.E.2d 813, 817 (2009)(quoting In re D.R.B., 182 N.C. App. 733, 736, 643 S.E.2d 77, 79 (2007)).
Here, the record on appeal does not supply any competent evidence to support the trial court's finding that Defendant sent the threatening letter to Plaintiff's home. The record shows that at trial, Detective Plyler testified Plaintiff brought a letter to the Stallings Police Department and the letter was submitted to the "State Laboratory in Raleigh" for forensic analysis. The forensic report indicated that finger prints found on the second page of the letter were "related to" the Defendant, but the lab technician that conducted the analysis was not present to interpret the report's meaning. The forensic analysis report did not state, nor does the record reflect, that Defendant authored sent the threatening letter to Plaintiff.
Moreover, the record lacks any other evidence from which the trial court could conclude that Defendant sent the threatening letter to Plaintiff's home. Detective Plyler testified that after a preliminary investigation of computer hardware seized from Defendant's home, the State forensic examiner found no similarities between the print used in the letter and the printer in Defendant's residence; investigators could not obtain information about the origins of the letter from the envelope; the threatening letter had several unidentified fingerprints and no evidence of the letter was found on Defendant's computer.
In sum, because the trial court's finding of fact was not supported by competent evidence, we must set aside the trial court's order.
Reversed.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] Barnhardt v. City of Kannapolis, 116 N.C. App. 215, 224-25, 447 S.E.2d 471, 477, disc. review denied, 338 N.C. 514, 452 S.E.2d 807 (1994).