SOUTHERN GLOVE MANUFACTURING COMPANY, INC.; JOYCE FIDLER
AND HUSBAND, LEONARD C. FIDLER; JANICE HARVEY AND HUSBAND, WIL-
LIAM J. HARVEY v. CITY OF NEWTON

No. 8425SC966

(Filed 2 July 1985)

1. **Municipal Corporations § 2.2— annexation—tract with house and areas used to
grow feed—one lot**

A 1.83 acre tract with a house did not have to be treated as more than
one lot under G.S. 160-53 for annexation purposes because two separate parts
of the lot were used to grow grass which was mowed and fed to cattle.

2. **Municipal Corporations § 2.3— annexation—necessary land connection**

Two lots of less than five acres which the City proposed to annex as a
sub-area under G.S. 160A-48(d)(2) were a "necessary land connection." The
unnumbered paragraph at the end of G.S. 160A-48(b) should be read as describ-
ing the sub-areas allowed by the statute rather than as requiring that the sub-
areas constitute necessary land connections between the municipality and
areas developed for urban purposes. Moreover, there is nothing in the statute
to support the argument that a sub-area cannot consist entirely of tracts of
five acres or less.

APPEAL by petitioners from *Lupton, Judge.* Judgment en-
tered 3 May 1984 in Superior Court, CATAWBA County. Heard in
the Court of Appeals 18 April 1985.

This appeal involves the judicial review of the validity of an
annexation ordinance adopted by the City of Newton which ex-
tended the city limits to include land owned by the petitioners.
An appeal involving this land has previously been in this Court.
*See Southern Glove Mfg. Co. v. City of Newton,* 63 N.C. App. 754,
306 S.E. 2d 466 (1983). The evidence showed that the land the
City proposed to annex is on the westerly side of the City, is ap-
proximately seventeen acres in size and consists of seven distinct
parcels of land. The City treated four of the parcels of land as
developed for urban purposes. Three of these lots have buildings
upon them and the other is a vacant lot. The other three parcels
were treated by the City as a sub-area. These three parcels are
all less than five acres. One of them is comprised of a part of
West 25th Street including the right of way for the street. The
other two are vacant lots, one of which is on the southwest side
of West 25th Street and the other is on the northeast side of the
street. More than 60 percent of the external boundaries of these

three lots are contiguous to the city limits or to a part of the other land which the City proposes to annex.

The evidence showed that one of the parcels in what the City contends is the area developed for urban purposes consists of a tract of 1.83 acres with .45 acres of this tract within the city limits at the time of the proposed annexation. This lot is owned by Southern Glove and a rented house is located on it. On two separate parts of the lot fescue and sudex grass is grown and a person living in the neighborhood has been allowed to mow this grass, bale it and feed it to his cows.

On 3 August 1982 the annexation ordinance was adopted by the City of Newton. The petitioners asked for review by the Superior Court and on 27 February 1984 the Superior Court remanded the matter to the Board of Aldermen for further review. The City reconsidered the ordinance and did not change it. The petitioners again asked for a review by the Superior Court. The Superior Court affirmed the annexation ordinance. The petitioners appealed.

*Mullen, Holland & Cooper, P.A., by James Mullen, and Williams & Pannell, by Martin C. Pannell, for petitioner appellants.*

*Sigmon, Sigmon and Isenhower, by Jesse C. Sigmon, Jr., for respondent appellee.*

WEBB, Judge.

The petitioners contend the area which the City of Newton proposes to annex does not meet the requirements of G.S. 160A-48 which provides in part:

(a) A municipal governing board may extend the municipal corporate limits to include any area

. . . .

(2) Every part of which meets the requirements of either subsection (c) or subsection (d).

. . . .

(c) Part or all of the area to be annexed must be developed for urban purposes. An area developed for urban

purposes is defined as any area which meets any one of the following standards:

. . . .

(3) Is so developed that at least sixty percent (60%) of the total number of lots and tracts in the area at the time of annexation are used for residential, commercial, industrial, institutional or governmental purposes, and is subdivided into lots and tracts such that at least sixty percent (60%) of the total acreage, not counting the acreage used at the time of annexation for commercial, industrial, governmental or institutional purposes, consists of lots and tracts five acres or less in size.

(d) In addition to areas developed for urban purposes, a governing board may include in the area to be annexed any area which does not meet the requirements of subsection (c) if such area either:

(1) Lies between the municipal boundary and an area developed for urban purposes so that the area developed for urban purposes is either not adjacent to the municipal boundary or cannot be served by the municipality without extending services and/or water and/or sewer lines through such sparsely developed area; or

(2) Is adjacent, on at least sixty percent (60%) of its external boundary, to any combination of the municipal boundary and the boundary of an area or areas developed for urban purposes as defined in subsection (c).

The purpose of this subsection is to permit municipal governing boards to extend corporate limits to include all nearby areas developed for urban purposes and where necessary to include areas which at the time of annexation are not yet developed for urban purposes but which constitute necessary land connections between the municipality and areas developed for urban purposes or between two or more areas developed for urban purposes.

The appellee contends the area which it proposes to annex complies with G.S. 160A-48 because a part of the area is so developed that at least 60% of the lots to be annexed are used

for residential or industrial purposes and 60% of the total acreage consists of lots which are five acres in size or less. This constitutes an area developed for urban purposes which complies with G.S. 160A-48(c)(3). The appellee contends the other part of the land to be annexed complies with G.S. 160A-48(d)(2) in that more than 60% of its external boundary is adjacent to a combination of the City boundary line and a line of the area to be annexed.

The appellant contends the annexation ordinance is deficient in two respects. They say that 1.83 acre tract should not be counted as one lot and if this is done 60% of the lots are not used for business or residential purposes. They also argue that the two lots adjoining West 25th Street do not qualify as sub-areas under G.S. 160A-48(d)(2).

[1] The appellants say the 1.83 acre tract with a house on it should not be treated as one lot used for residential purposes because the evidence showed and the court found that two separate parts of the tract were being used to grow grass which was mowed and fed to cattle. They contend that for this reason there are three separate lots, one used for a residential purpose and the other two for agricultural purposes. G.S. 160-53 provides in part:

> The following terms where used in this Part shall have the following meanings, except where the context clearly indicates a different meaning:
>
> . . . .
>
>     (2) "Used for residential purposes" shall mean any lot or tract five acres or less in size on which is constructed a habitable dwelling unit.

In light of this statute we believe the City could classify this tract as one lot. So long as it is less than five acres and contains a house we do not believe the tract has to be classified as more than one lot because someone mows the grass and feeds it to his cattle. We believe that the planting and mowing of grass on the lot to be fed to cattle is not so significant as to require the City to classify those portions of the tract on which the grass is grown as separate lots.

We do not believe *R.R. v. Hook*, 261 N.C. 517, 135 S.E. 2d 562 (1964), relied on by the appellants, is applicable. In that case our

Supreme Court held it was error to classify a tract of 13.747 acres of which 1.4 acres were used for parking as a tract used for industrial purposes. In this case we have a smaller lot and a statute which helps in the definition.

[2]   The appellants also contend that the two lots adjoining West 25th Street do not qualify as a sub-area under G.S. 160A-48(d)(2). They argue that "Liberally construed, G.S. 160A-48(d), the sub-area subsection would make it possible to completely gut the other provisions of G.S. 160A-48 which establish clear standards for annexation." They contend that the unnumbered paragraph at the end of G.S. 160A-48(d) requires that the sub-area "constitute necessary land connections between the municipality and areas developed for urban purposes" which the sub-area in this case does not. We do not believe G.S. 160A-48(d) should be so read. We believe the unnumbered paragraph should be read to describe the sub-areas allowed by G.S. 160A-48(d). We believe the sub-area allowed by G.S. 160A-48(d)(2) is one of those described by the unnumbered paragraph as a "necessary land connection." If we were to hold otherwise we believe we would not be following the words of the statute. It may, as the appellants contend, "gut the other provisions of G.S. 160A-48," but that is a matter for the General Assembly.

The appellants also argue that a sub-area cannot consist entirely of tracts of five acres or less. There is nothing in the statute to support this argument.

The appellants also argue that the annexation in this case does not comply with the requirements of *In re Annexation Ordinance*, 300 N.C. 337, 266 S.E. 2d 661 (1980). They advance no reasons why this is so. We do not believe that case prohibits the annexation in this case.

Affirmed.

Judges BECTON and PARKER concur.